## TEST OF LIABILITY UNDER THE WORKMEN'S COMPENSATION ACT.

Court of Appeals for Mahoning County.

BARNHART GERTHUNG v. THE STAMBAUGH-THOMPSON CO.

Decided, December 8, 1913.

*Workmen's Compensation Act—Takes from Employer Certain Defenses —But Does Not Enlarge Basis of Recovery Beyond Common Law Rule—Test as to Liability.*

1. The Workmen's Compensation Act, General Code, Section 1465-60 (102 O. L., 529, Section 21-1) which provides that an employer of five or more workmen, who has not paid the premiums prescribed by said act, shall be liable in damages to any employee for injury caused by "the wrongful act, neglect or default" of such employer, his officers, agents or other employees, take away the defenses of the fellow-servant rule, contributory negligence and assumption of risk, but does not enlarge the basis for recovery on the grounds of negligence beyond what it existed at common law, and the employer is only required to exercise ordinary care under all the circumstances of the case.

2. The only test of liability under such sections is whether the employer exercised the degree of care that ordinarily prudent persons are accustomed to exercise under the same or similar circumstances.

*W. R. Stewart,* for plaintiff in error.
*Arrel, Wilson, Harrington & DeFord,* contra.

NORRIS, J.; POLLOCK, J., and METCALFE, J., concur.

Plaintiff in error was plaintiff below and brought suit against the defendant in error for personal injuries which he claims to have sustained while in the employ of the defendant in error, by reason of its negligence in not furnishing a proper horse for him to drive. The petition further states that at the time of receiving the injuries the defendant had not availed itself of the compensation act or paid into the insurance fund of the state any premium or money, as provided by statute, although defendant employed regularly more than five workmen in and about its establishment.

The answer admitted the employment of the plaintiff and set up other defenses, and further denied that it was one of the employers contemplated under the compensation act and denied that it was in any way controlled by said act, or that in so far as the defendant is concerned it has any force, value or application.

The case was tried to a jury and evidence offered tending to support the allegations of the petition, and that the defendant did at that time employ more than five men in and about its establishment. At the close of the evidence the plaintiff requested the court to charge the jury before argument certain propositions of law separately. The first which was given was as follows:

"The court instructs you, as a jury, if you find from a preponderance of the weight of the evidence that the defendant, at the time of the occurrence of the injury to the plaintiff, had in its employ, five or more workmen regularly in the same business, or in and about the same establishment, and further that the defendant, at that time had not paid any premium into the state insurance fund of Ohio, then, as a matter of law, the defendant is liable to the plaintiff for any injury sustained by him in the course of his employment by the negligence of the defendant, or any of the defendant's officers, agents or employees."

The plaintiff also asked that the following instruction be given to the jury, which was refused and exception noted:

"The court says to you in this action, if you find that the defendant has not availed itself of the Workmen's Compensation Act, the test of liability is not whether the employer exercised ordinary care in the situation complained of, but whether said employer, the defendant, was guilty of any wrongful act, neglect or default which caused plaintiff's injuries."

The refusal of the court to give this last request is the only error assigned in the record. It is claimed on the part of the plaintiff in error that by virtue of Section 1465-60 of the General Code, known as part of the Workmen's Compensation Act, that a different and higher degree of care is required of employers who are within the province of that act and do not pay into the state insurance fund the premium provided for by said act.

That section reads as follows:

"All employers who employ five or more workmen or opera-
tives regularly in the same business, or in and about the same
establishment, who shall not pay into the state insurance fund
the premiums provided by this act, shall be liable to their em-
ployees for damages suffered by reason of personal injuries sus-
tained in the course of employment caused by the wrongful act,
neglect or default of the employer, or any of the employer's
officers, agents or employees, and also to the personal representa-
tives of such employees, where death results from such injuries,
and in such action the defendant shall not avail himself or itself
of the following common law defenses:   The defense of the fel-
low-servant rule, the defense of the assumption of risk or the de-
fense of contributory negligence."

The expressed purpose of that section seems to be to take away
from employers who do not avail themselves of the act, the com-
mon law defenses of the fellow-servant rule, the defense of the
assumption of risk, and the defense of contributory negligence.

Does the act in addition to that require a higher degree of care
than was required at common law?   Or, in other words, is the
employer, failing to pay the premium required by the act, re-
quired to exercise more than ordinary care under the circum-
stances of the particular case?   It will be noticed that this
clause, making the employer liable for personal injuries sustained
in the course of employment caused by the wrongful act, neglect
or default of the employer, is taken substantially from the
wrongful death statute, which is Section 10770, which reads in
part:

"When the death of a person is caused by wrongful act, neg-
lect or default such as would have entitled the party injured
to maintain an action and recover damages in respect thereof,
if death had not ensued, etc., a recovery may be had."

It has always been held under that statute that the want of
ordinary care under the circumstances was the test of liability
when a question of negligence was involved in the case.   It no-
where appears in the compensation act that the Legislature in-
tended, in using those words, that they should have any different
meaning than that which has heretofore been given them by the
courts of the state.   Indeed, we do not think the courts of Ohio
have given any sanction to the attempted fine distinction between

the degrees of negligence which are sometimes named as grounds as slight, gross or ordinary.

Commencing in the case of *Railroad Company* v. *Terry,* 8 O. S., 570, reading from page 581 from the opinion of the court, it is said:

"It is obvious from this definition that the ordinary care required by the rule, has not only an absolute, but also a relative signification. It is to be such care as prudent persons are accustomed to exercise, under the peculiar circumstances of each case. If called into exercise under circumstances of peculiar peril, a greater amount of care is required than where the circumstances are less perilous; because prudent and careful persons, having in view the object to be obtained, and the just rights of others, are in such cases, accustomed to exercise more care than in cases less perilous. The amount of care is indeed increased, but the standard is still the same. It is still nothing more than ordinary care under the circumstances of that particular case. The circumstances, then, are to be regarded in determining whether ordinary care has been exercised."

To the same effect is *Wiser* v. *Railroad Company,* 6 Cir. Dec., 215, in which the court quotes from the case in the 8 O. S. Again, in the case of *Railway Company* v. *Elliott,* 28 O. S., 340, reading from the opinion of the court on page 357, it is said:

"A large amount of learning is developed in the books, upon the subject of the various degrees of care and their corresponding phases of negligence. It may perhaps be doubted whether the elaborate attempts to define the exact distinctions between the adjectives slight, ordinary and gross do not tend, not only to mislead juries, but sometimes to result even in judicial confusion."

And further the court say:

"There is pertinency in the remark of Baron Rolfe, *Wilson* v. *Britt,* 11 M. & W., 113, and Willis, in L. R., 1 C. P., 640, that gross negligence is merely negligence with the addition of a vituperative epithet. When it is said that a person must exercise ordinary care, the statement is so plain in its language and so simple in the idea to be conveyed, that if the proposition is not comprehended in this form, mere words will probably occasion less intelligence."

Again, to the same effect is *Telegraph Company* v. *Griswold*, 37 O. S., in which the Supreme Court quoted from Lord Denman:

"When we find gross negligence made the criterion to determine the liability of a common carrier who has given the usual notice, it might perhaps have been reasonably expected that something like a definite meaning should have been given to the expression. It is believed, however, that in none of the numerous cases on this subject is any such attempt made, and it may well be doubted whether between gross negligence and negligence merely, any intelligible distinction exists."

To the same effect is *Harriman* v. *Railway Company*, 45 O. S., 11, and *Railroad Company* v. *Webb*, 12 O. S., 475-496.

The doctrine of the Ohio cases cited is supported by the Supreme Court of United States in the case of *Railway Company* v. *Arms*, 91 U. S., 489-494.

From these authorities we are lead to the conclusion that the rule which has prevailed in Ohio as to the amount of care required, may be different in and under different conditions, but that the degree required is that of ordinary care under all circumstances. As said in one of the cases, the degree of care where a person operates a railroad train going through the country at a high rate of speed is greater in amount than that of a person who runs a stage coach, but in both instances it is the degree of care that ordinarily prudent persons are ordinarily accustomed to exercise under the same or similar circumstances. But we find this question is settled by our own Supreme Court in the case of *State, ex rel,* v. *Creamer*, 85 O. S., 349. Reading from the opinion on page 386, it is said in construing this statute:

"Employers of five or more who do not pay premiums into the fund are deprived in actions in actions against them of the common law defenses of the fellow-servant rule, the assumption of risk and of contributory negligence."

It is not intimated that they are also held to a higher degree of care. Again, on page 392:

"All employers who shall not pay into the insurance fund, etc., shall be liable to their employees for damages, etc., caused by the wrongful act, neglect or default of the employer, his

agents, etc., and in such cases the defenses of assumption of risk, fellow-servant and contributory negligence are not available. So that, an employer who elects not to come into the plan of insurance may still escape liability if he is not guilty of wrongful act, neglect or default. His liability is not absolute as in the case of the New York statute hereinafter referred to. And it can not be said that the withdrawal of the defenses of assumption of risk, fellow-servant and contributory negligence, as against an employer who does not go into the plan, is coercive, for withdrawal is in harmony with the legislative policy of the state for a number of years past.''

Now, if this act also held the employer to a higher degree of care because of his failure to go into the plan of insurance, it seems to us that the Supreme Court would have referred to that fact, and such finding might have led the court to a different decision as to the constitutionality of the act.

Again, on page 393:

''As to the employee, if the parties do not elect to operate under the act, he has his remedy for the neglect, wrongful act or default of his employer and agents as before the law was passed, and is not subject to the defenses named.''

Our attention has been called to the case of *Schafer* v. *C. B. T. Company*, 13 N.P.(N.S.), 553, where the Superior Court of Cincinnati reached a different construction of that section. We think the decision in that case is in conflict with the authorties we have cited and many others that might be noted, and that the section in question if the employer does not pay the premium required in the insurance act, is only held to the exercise of ordinary care under the circumstances as heretofore defined in Ohio.

The judgment will be affirmed.