## THE AMERICAN CHEMICAL CO. *v.* SMITH.

*Negligence — Contributory negligence — Master and servant — Workmen's compensation act — Fellow-servant rule — Assumption of risk — Degree of care required of employer.*

1. While the workmen's compensation act (102 O. L., 524) takes away the defenses of the fellow-servant rule, contributory negligence and assumption of risk, it does not enlarge the basis for recovery on the grounds of negligence beyond what existed at common law, and the employer is only required to exercise ordinary care under all the circumstances of the case.
2. The only test of liability under such act is whether the employer exercised the degree of care that ordinarily prudent persons are accustomed to exercise under the same or similar circumstances.
3. Where a petition contains two allegations of negligence but no evidence is offered supporting one of the allegations, it is error to permit both questions to be submitted to the jury.

(Decided February 5, 1917.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Healy, Ferris & McAvoy,* for plaintiff in error.

*Messrs. Littleford, James, Ballard & Frost,* for defendant in error.

JONES, E. H., P. J.   This action was brought in the superior court of Cincinnati by Robert H. Smith, as plaintiff, against The American Chemical Company, defendant, for damages on account of injuries sustained by the plaintiff while in the employ of the defendant.

The second amended petition, upon which the case was submitted to the jury, alleged that the defendant was a corporation, and that it "employs and did at the times hereinafter referred to employ more than five workmen as employes regularly in its said business and had not at the time of the injury complained of herein paid any premiums into the State Insurance Fund in accordance with the laws of the State of Ohio relating to the compensation of injured employes."

Said second amended petition further alleged in substance that on December 4, 1913, the defendant was engaged in the business of manufacturing a chemical known as sal soda; that in the course of the manufacture of the said product it was necessary to carry it in iron pans of great weight, which had to be carried by two men from one portion of the cellar where it was stacked to another part of the cellar where it was dumped out; that by reason of the caustic properties of the sal soda the said pans had to be carried with hooks to protect the hands of the men; and that the floor of the cellar was very slippery with the liquid from the pans so that it was dangerous to stand upon it—particularly so as the floor was sloping.   The amended

petition then goes on to state that on the 4th day
of December, 1913, the plaintiff was engaged with
another man in carrying one of said pans, and
that when they reached the point where the pan was
to be dumped they undertook to fling the pan so
that it would fall face downward upon the floor,
as it was their duty to do; that defendant had
negligently allowed the floor to become unsafe and
slippery; that defendant had negligently allowed
the handle of the pan into which plaintiff had
caught his hook to become bent, and the rivets by
which said handle was attached to the pan to be-
come insecure, so that, when the men undertook
to fling said pan, the end of the pan which plaintiff
held came loose from the hook and fell upon plain-
tiff's left foot, bruising and crushing the foot and
the toes thereof; and that on account of the slippery
condition of the floor, caused by the liquor from
the pans, plaintiff was unable to maintain his foot-
ing, or to get a firm footing, so that the above de-
scribed fall of the pan was caused partly because
the handle was bent and the rivets insecure, as
aforesaid, and partly because he could not main-
tain a proper footing. The plaintiff in said second
amended petition then sums up the negligence
charged, thus:

"The said injury was directly and proximately
caused by the negligence of the defendant in per-
mitting the said handle of the pan to become bent
and said rivets to become insecure as aforesaid
and furthermore in permitting the floor to become
slippery and in requiring plaintiff to work with a
defective and unsafe contrivance and in an unsafe
place, and said injury was caused without any

fault or negligence whatever on the part of the plaintiff."

The answer to this second amended petition admitted that the defendant was a corporation, and that it had not on said date, nor at any time prior thereto, paid any premium into the state insurance fund; and denied each and every other allegation contained in the petition.

The issues thus raised were tried to a jury, the trial resulting in a verdict and judgment in favor of the plaintiff for $2500, which judgment the plaintiff in error here seeks to reverse.

The effect of the so-called Workmen's Compensation Law upon the rights and duties of the parties to this action was a subject of controversy during the trial. The question was raised from time to time in various ways, but chiefly by requests for special instructions on the part of defendant, and objections thereto, and by exceptions on the part of the defendant to the general charge of the court.

It has been held in the case of *Gerthung* v. *The Stambaugh-Thompson Co.,* 1 Ohio App., 176, as follows:

"1. The workmen's compensation act, Section 1465-60, General Code (102 O. L., 529, Section 21-1), which provides that an employer of five or more workmen, who has not paid the premiums prescribed by said act, shall be liable in damages to any employe for injury caused by 'the wrongful act, neglect or default' of such employer, his officers, agents or other employes, takes away the defenses of the fellow-servant rule, contributory negligence and assumption of risk, but does not enlarge the basis for recovery on the grounds of

negligence beyond what existed at common law, and the employer is only required to exercise ordinary care under all the circumstances of the case.

"2. The only test of liability under such sections is whether the employer exercised the degree of care that ordinarily prudent persons are accustomed to exercise under the same or similar circumstances"

It seems to us that there can be no doubt but that the court in the above case correctly interpreted the language of the compensation law. It also appears that in the trial of this case the learned judge who presided recognized this as the law, and correctly charged the jury in clear and unequivocal terms, that the defendant by reason of its not having contributed to the state fund could not avail itself of the defenses of contributory negligence, fellow servant or assumed risk. This being the correct view of the law, the rulings of the court upon special instructions asked by the defendant were correct.

We have reached the conclusion, however, that the judgment in this case must be reversed for want of evidence in support of one of the charges of negligence made in the second amended petition. It will be noted that this petition contains two allegations of negligence on the part of the defendant. They are briefly stated: first, the defective handle of the pan; and, second, the slippery condition of the floor caused by the liquid from the pans. The trial court permitted both of these questions to be submitted to the jury, and charged it fully upon the law with respect to each. We fail to find any evidence of want of ordinary care on

the part of the defendant with respect to the condition of the floor or with respect to the cellar being an unsafe place to work. The evidence shows that the escape of the liquid from these pans by overflow and splashing was unavoidable, and that the only thing defendant could have done when the floor became wet was to have ceased the operation of the plant, or at least to have removed the workmen from the cellar until the floor became dry. In view of the lack of any real, apparent danger from the wet and slippery condition of the floor, it seems to us such action would be requiring the defendant to exercise more than ordinary care; in fact it would be exacting a very extraordinary degree of care on his part.

A motion was made by defendant, at the close of plaintiff's evidence, and also at the close of all the evidence, for an instructed verdict.

Evidence in support of the other allegation of negligence, viz., the defective condition of the handle, was properly submitted to the jury.

In our view of the case the motion that counsel for defendant should have made was one to withdraw from the consideration of the jury the question as to the unsafe and slippery condition of the floor. However, an exception was taken by the defendant to the general charge, in which, as said before, the court dwelt at length upon and submitted to the jury this issue with respect to which we find there was no evidence of actionable negligence.

In the view that the case was submitted to the jury we think the court below erred in refusing to

give special instruction No. 9, requested by the defendant, as follows:

"I charge you as a matter of law that before the plaintiff can recover in this case he must show by a preponderance of the evidence either, first, that the handle of the pan in question was defective and that such defective condition was the proximate cause of the injuries sustained by plaintiff, or, second, that the floor of the cellar at the point where the plaintiff was walking when he claims to have received the injuries in question was in an unsafe condition and that said unsafe condition was the proximate cause of said injuries so sustained."

Also that the court erred in refusing to propound to the jury special interrogatory No. 3, submitted by counsel for defendant, as follows:

"Did the defendant exercise ordinary care as to the condition of his cellar on the afternoon of December 4th, 1913, in view of the nature of the sal soda business which was being conducted therein?"

But as both the special charge and the interrogatory relate in whole or in part to the condition of the floor, these errors become immaterial, and have no bearing upon the action of this court in reversing the case.

Interrogatory No. 1, submitted to the jury at the request of the defendant, and the answer thereto, were as follows:

"Was that part of the defendant's cellar where the plaintiff claims the pan fell on his foot a reasonably safe place to work on the afternoon of December 4th, 1913?"

Answer: "No."

It follows, from what has already been said, that this answer is not supported by the evidence.

For the reason that the trial court erred in submitting to the jury the question as to negligence with respect to the cellar and the floor thereof, and for the further reason that substantial justice was not done, the judgment will be reversed, and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

JONES, OLIVER B., and GORMAN, JJ., concur.