Avre v. Sexton.

---

A. AVRE, APPELLEE, V. J. R. SEXTON, APPELLANT.

FILED APRIL 10, 1923.  No. 23192.

1. **Master and Servant:** EMPLOYMENT: WORKMEN's COMPENSATION ACT. Where an employer and employee enter into a contract of employment after the taking effect of the workmen's compensation act, both are presumed to contract with reference and subject to the provisions of part II thereof.

2. ———: ———: ———: NOTICE. Either party can relieve himself of the operation of the act if he expressly state in the contract, or give written or printed notice to the other party, that he does not accept the provisions of part II.

3. ———: COMPENSATION: ELECTION. Where an employer does not take out insurance, or furnish satisfactory proof to the compensation commissioner of ability to pay, as provided in section 3069, Comp. St. 1922, such nonaction on his part has the effect to make him

liable either to an action for damages at common law, as modified by part I, or for a proceeding for compensation under part II, at the election of an injured employee.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed with directions.*

*Reavis & Beghtol* and *C. E. Sanden,* for appellant.

*Frampton & Polk, contra.*

Heard before MORRISSEY, C. J., GOOD, ALDRICH and LETTON, JJ., BEGLEY, District Judge.

BEGLEY, District Judge.

This case arises under the workmen's compensation act. On or about June 28, 1922, appellant, J. R. Sexton suffered an injury in the employ of appellee, A. Avre, resulting in the total loss of the right eye. An award was made to the employee by the compensation commissioner, from which the employer appealed to the district court for Lancaster county. The district court denied compensation, finding "that at the time of said injury the employer, A. Avre, was not acting within the provisions of the employers' liability act of the state of Nebraska because of his failure to provide insurance as required by section 3069." From this decree the claimant, J. R. Sexton, has appealed.

The appellee did not insure his liability, or furnish evidence to the compensation commissioner of his ability to pay compensation, as provided in section 3069, Comp. St. 1922, and now contends that failure to comply with said section on his part deprives the appellant of the benefits of part II of the compensation act, while appellant contends that the parties hereto elected to come under the provisions of part II of the compensation act by entering into the contract without otherwise stating therein, under section 3035, Comp. St. 1922, and the only way either party can withdraw from said election is by serving notice upon the other as provided in said section.

Section 3035, Comp. St. 1922, provides: "In the oc-

cupations described in section 97 (3029) hereof, and all contracts of employment made after the taking effect of this act shall be presumed to have been made with reference and subject to the provisions of part II hereof, unless otherwise expressly stated in the contract, or unless written or printed notice has been given by either party to the other, as hereinafter provided, that he does not accept the provisions of part II. Every such employer and every employee is presumed to accept and come under part II hereof, unless prior to accident he shall signify his election not to accept or be bound by the provisions of part II. This election not to accept part II shall be by notice as follows:

"(a)  The employer shall post and thereafter keep continuously posted in a conspicuous place about the place or places where his workmen are employed a written or printed notice of his election not to be bound by part II hereof, and shall file a duplicate thereof with the compensation commissioner.

"(b)  The employee shall give written or printed notice to the employer of his election not to be bound by part II, and shall file a duplicate with proof of service attached thereto with the compensation commissioner."

Section 3069, provides: "Except governmental agencies, every employer in the occupations described in section 97 of this chapter (3029) shall either insure and keep insured his liability under this article in some corporation, association or organization authorized and licensed to transact the business of workmen's compensation insurance in this state, or shall furnish to the compensation commissioner satisfactory proof of his financial ability to pay direct the compensation in the amount and manner when due as provided for in this act. In the latter case the compensation commissioner may in his discretion require the deposit of an acceptable security, indemnity or bond to secure the payment of compensation liabilities as they are incurred.

Avre v. Sexton.

Every employer who fails, neglects or refuses to comply with the conditions set forth in this section shall be deemed to have elected not to come under part II hereof, and shall be required to respond in damages to an employee for personal injuries, or where personal injuries result in the death of an employee, then to his dependents, in like manner as if the employer had filed an election with the compensation commissioner rejecting the provisions of part II of the compensation act."

Every employer, after the taking effect of the act, is presumed to be within part II, and the only method of removing the application of part II of the act by an employer is for him to otherwise state in the contract, or to post a notice to that effect and file a duplicate thereof with the compensation commissioner. *Nosky v. Farmers Union Cooperative Ass'n,* 109 Neb. 489. Having made a contract with reference to the provisions of part II of the act, an employee cannot be deprived of the right of compensation, except in accordance with those provisions.

It is inconceivable that the legislature, after making it compulsory on both employer and employee to assume their relations as to accident under part II, except upon affirmative, positive election, with notice to each other, should thereupon by a single section of the statute nullify this carefully worked-out plan by providing that the employer may escape the compliance on his part by merely refusing to take out insurance, without notice of any kind to his employee. Part II of the act is more favorable to the employer in enabling him to avoid costly and vexatious lawsuits and the payment of uncertain damages at the hands of the jury, and, on his failure to fulfil the requirements by insuring or guaranteeing his liability, he is, by the terms of section 3069, penalized for such failure by being required to answer to an injured employee, or his dependents, in a common-law action for damages, as modified by part I. There is no mention made therein of the loss of any

rights acquired by the employee under section 3035, and considered in connection with the remainder of the act, section 3069 does not allow the employer to take advantage of his own default in failing to carry insurance, to the detriment of the employee.

We think that the reasonable construction of the two sections is that, where an employer and employee enter into a contract of employment after the taking effect of the workmen's compensation act, both are presumed to contract with reference and subject to the provisions of part II thereof, and the only method by which either party can relieve himself of the operation thereof is to otherwise expressly state in the contract or give written or printed notice to the other party that he does not accept the provisions of part II, and where an employer does not take out insurance or furnish satisfactory proof to the compensation commissioner of ability to pay, as provided by section 3069, such nonaction on his part has the effect of penalizing him by making him liable either to an action for damages at common law, as modified by part I, or for a proceeding for compensation under part II, at the election of the employee.

The same question has been decided under similar statutes in Connecticut and Iowa. In *Bayon v. Beckly,* 89 Conn. 154, it was held that an employee could not be penalized by reason of the employer's failure to insure, and that the employee, regardless of such failure by the employer, has the right to bring a compensation action. The court said: "It is too unreasonable to believe that the legislature intended that the employer, after having accepted part B, should be able to deprive the employee of these benefits, without notice, by simply neglecting to comply with the provisions of the act which he had accepted."

In *Elks v. Conn,* 186 Ia. 48, in construing an Iowa statute which is in many respects similar to our own, the court held that failure of the employer to carry insurance allowed the employee to sue either at common

law or under the compensation act, but did not give the employer the right to claim that he was not under the compensation act.

The district court, therefore, erred in dismissing the application and denying compensation to appellant, and the case is remanded, with directions to enter a decree allowing compensation to appellant as provided under part II of the workmen's compensation act.

REVERSED.