EDWARD VAN GORKOM, Appellant, v. EDWARD M. O'CONNEL<sup>r</sup> et al., Appellees.

MASTER AND SERVANT: Workmen's Compensation Act—Neglect to Insure Liability—Effect. The *neglect* of an employer specifically to reject the Workmen's Compensation Act in the manner provided by Sec. 2477-m, Code Supp., 1913, automatically and conclusively places such employer under said act; and his *neglect* to insure his liability, under Sec. 2477-m41, Code Supp., 1913, does not take him out from under said act, even though said latter section declares that the neglect to take out insurance shall render the employer liable "under the common law as modified by statute and in the same manner and to the same extent as though such employer had legally exercised his right to reject the compensation provisions" of the chapter.

Headnote 1: Workmen's Compensation Act pp. 53, 146 (Anno.)

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

DECEMBER 15, 1925.

APPLICATION for compensation under the Workmen's Compensation Act. The industrial commissioner dismissed the claim for want of jurisdiction. The district court affirmed the order of the industrial commissioner. The claimant appeals.—*Reversed.*

*B. D. Silliman,* for appellant.

No appearance for appellees.

FAVILLE, C. J.—Appellant filed his petition for arbitration, alleging that he entered the employ of appellees on or about the 18th day of April, 1924; that he was engaged in the operation of launches and helping to transfer boats to and from the water and other similar duties in connection with a boat business on the Cedar River; and that, on the 29th day of May, 1924, while in the course of his employment, he received an injury to his eye. The answer admits the employment, and that the claimant was injured. The record is submitted upon the pleadings and a stipulation that:

"At the time of the claimed injury to the claimant herein, on or about May 29, 1924, the defendants, as employers or otherwise, carried no workmen's compensation insurance of any kind, nature, or description, and had no insurance under the Workmen's Compensation Act of the state of Iowa, and that no notice of the failure of the defendants to carry such insurance was posted on or about the premises where the claimant was employed."

It is upon this record that the claimant's petition was dismissed.

Section 2477-m41, Code Supplement, 1913, was amended by Section 20, Chapter 270, Acts of the Thirty-seventh General Assembly, so that said section reads as follows:

"Any employer who fails to insure his liability as required herein shall post and keep posted a sign of sufficient size and so placed as to be easily seen by his employees in the immediate vicinity where working, which sign shall read as follows: * * * Any employer coming under the provisions of this act who fails to comply with this section or to post and keep posted the above notice in the manner and form herein required shall be guilty of a misdemeanor."

The stipulation admits that the employer failed to insure his liability, as provided by said section. The question is, what effect said failure to insure liability had upon the employee's rights to recover under the Workmen's Compensation Act for the injury received in the course of the employment.

Section 2477-m, Code Supplement, 1913, provides:

"Except as by this act otherwise provided, it shall be conclusively presumed that every employer as defined by this act

has elected to provide, secure and pay compensation according to the terms, conditions, and provisions of this act for any and all personal injuries sustained by an employee arising out of and in the course of the employment.''

Said section also further provides:

''Every such employer shall be conclusively presumed to have elected to provide, secure and pay compensation to employees for injuries sustained arising out of and in the course of the employment according to the provisions of this act, unless and until notice in writing of an election to the contrary shall have been given to the employees by posting the same in some conspicuous place at the place where the business is carried on, and also by filing notice with the Iowa industrial commissioner with return thereon by affidavit showing the date that notice was posted as by this act provided.''

Under the provisions of this act as amended, appellees were in the first instance conclusively presumed to have elected to pay compensation according to the terms and provisions of the act, to an injured employee. The statute as amended also provides, in another section, that, if an employer subject to the provisions of said act shall not insure his liability thereunder, he shall be liable under ''the common law as modified by statute,'' ''and in the same manner and to the same extent'' as though such employer had legally exercised his right to reject the compensation provisions of this chapter. It is obvious that, under the statute and the amendments, provisions are made in regard to two things,—rejection and insurance. An employer is conclusively presumed to have come under the terms and provisions of the act unless he shall have given notice in writing of an election to the contrary. The penalty for failure to give the notice of rejection of the terms of the act is that the conclusive presumption prevails, and the employer is regarded as being under the terms and provisions of the act. This is the plain provision of the statute.

With regard to the failure to insure, a different result follows, under the terms and provisions of the statute. In such a case the statute does not provide that the result that follows shall be that the employer is conclusively presumed to be under the terms and provisions of the act, but the result of the failure

to insure is that he shall be liable "to any workman in his employ under the common law as modified by statute, and in the same manner and to the same extent as though such employer had legally exercised his right to reject the compensation provisions" of the act. The failure to reject the terms and provisions of the act and to post notice thereof leaves the employer under conclusive presumption that he is under the terms and provisions of the act. The failure to take out insurance at least leaves him under his common-law liability, the same as though he had rejected the terms of the act. To put it another way, the failure to post notice of rejection brings the employer within the terms of the act conclusively by a presumption. That fixes his status. Then, it is later provided that the failure to insure leaves him subject to his common-law liability, which would be his liability outside the act. If the failure of the employer to reject puts him *under* the statute, does the failure to insure take him *out* of the statute?

The purpose and intent of this act, in its broader view, was to provide a comprehensive scheme and method of compensation for workmen, and to abrogate certain well recognized provisions of the common law. The obvious intent of the legislature was that all employers subject to the act should come under its terms and provisions and be amenable thereto, unless, by affirmative and positive act on their part, they rejected the provisions of the act. Was it the intent of the legislature, by the insurance provision, to provide that the failure on the part of the employer to take out the insurance provided for in the statute should work to the benefit of the employer by relieving him of the liability under the act, and subject him only to his common-law liability?

The Workmen's Compensation Act was originally enacted by the thirty-fifth general assembly, by Chapter 147. It contained a provision with respect to insurance which is found in Code Supplement, 1913, Section 2477-m41. Said section provided as follows:

"Every such employer shall within thirty days after this act goes into effect exhibit on demand of the state insurance department evidence of his compliance with this section; and if such employer refuses, or neglects to comply with this section,

he shall be liable in case of injury to any workman in his employ under Part I of this act.''

Section 20, Chapter 270, Acts of the Thirty-seventh General Assembly, amended this section by striking out the words ''Part I of this act,'' at the end of the section, and inserting the following:

''The common law as modified by statute, and in the same manner and to the same extent as though such employer had legally exercised his right to reject the compensation provisions of Chapter eight (8)—A, Title XII, Supplement to the Code, 1913.''

We had these sections under consideration in *Elks v. Conn,* 186 Iowa 48, wherein we held that the failure of the employer to comply with the statute in regard to the insurance rendered him subject to the common-law liability. But we did not hold in said case that the failure to insure when the employer was under the provisions of the statute, absolved him from the statutory liability to the employee, even though it did render him subject to the common-law liability. In said case we reviewed the case of *Bayon v. Beckley,* 89 Conn. 154, and quoted extensively from said case. It is therein said:

''While providing that the employer's noncompliance with Section 30 results in a forfeiture of *all his* benefits under Part B, Section 42 does *not,* in terms, say that the *employee* loses all his rights and benefits under Part B. Nothing is said as to its effect upon the *employee;* but by making the employer liable as if he had not accepted the act, it necessarily restores to the employee his common-law right of action, as modified by Part A, against the employer. This is the clear implication from the language. * * * It is too unreasonable to believe that the legislature intended that the employer, after having accepted Part B, should be able to deprive the employee of these benefits, without notice, by simply neglecting to comply with the provisions of the act which he had accepted. It is consistent with the language of Section 42 to hold that failure by the employer to comply with Section 30 deprives the *employer* of his benefits under Part B, *but does not deprive the employee of his benefits under it;* and that the latter, in such case, may claim compensation under the act, or, in a case in which the common law gives a remedy,

may have his action at common law, as modified by Part A.''
(Italics are ours.)

The reasoning of the Connecticut court, under a situation very similar to that which confronts us, appeals to us as being logical and consistent, and we are disposed to hold that the employer who has brought himself within the provisions of the Compensation Act by his failure to reject it cannot remove himself from the provisions of said act by a further failure to take out insurance, so far as the rights of an employee are concerned. While the statute as it then existed provided that he should be subject to his common-law liability, it did not purport to deny to the employee the right to compensation which had already attached under the terms and provisions of the Compensation Act by reason of a failure to reject it. Suppose a situation where an employer had affirmatively elected to come under the act. Employees engaged by him knew of such act on his part, and accepted employment with that understanding. Then suppose the employer failed and neglected to take out insurance, as required by the act. The employee, knowing that his employer had elected to come under the act, would have a right to rely on that fact, and that the employer would comply with the provisions of the act in regard to insurance. In such a situation, could the employer, by failing to take out insurance, relieve himself from liability under the act? We think he could not. He might, by so doing, subject himself to a common-law liability, but he could not, by so doing, deprive the employee (wholly unknown to him) of his rights to compensation under the act. Under the law as it then stood, the employer is conclusively presumed to have accepted the terms and provisions of the act, unless in the first instance he has affirmatively rejected it in the manner provided by law. Having failed to so reject the act, he is amenable to its terms and provisions; and if he then fails to take out the insurance as provided by the act, the effect of this second failure and neglect on his part is not to absolve him from liability under the act, but to render him subject to a common-law liability also. There is no provision in that statute that the failure to take out insurance relieves the employer of his statutory liability. An employer cannot be under the act and outside the act at one and the same time; and, if his negli-

gence in failing to reject the provisions of the act by the terms of the statute brings him conclusively within its terms and provisions, then he cannot, by failure to comply with the further provisions of the act by taking out the required insurance, remove himself, *ipso facto*, from its terms and provisions.

It is to be observed that the forty-first general assembly amended the statute in question. Chapter 162, Acts of the Forty-first General Assembly, is as follows:

"That the law as it appears in Section one thousand four hundred seventy-nine (1479), Chapter 72, of the 1924 Code of Iowa, be, and the same is hereby repealed and the following enacted in lieu thereof:

"When any employer has more than five persons employed in hazardous employment, excepting the employments recited in the first section of Chapter seventy (70) Code, 1924, and such employer has elected to reject the compensation provisions of said chapter, or when any such employer has not rejected the terms and provisions thereof by filing and posting notices as provided in Chapter seventy (70) Code, 1924, but has failed to insure his or its liability in one of the ways provided in this chapter, unless relieved from carrying such insurance as provided in the second preceding section, then any such employer's employee who has not rejected the provisions of this chapter, in case of personal injury in the course of, and arising out of such employment, shall have the right to elect to collect compensation as provided in Chapters seventy (70) and seventy-one (71) Code, 1924, or collect damages at common law as modified by said Chapter Seventy (70).' "

This subsequently enacted legislation is, of course, not available to appellant in the instant case, but it is valuable as showing the legislative intent in the enactment of these statutes as later expressed.

We are constrained to hold that, under the law as it existed at the time of the injury in question, an employer who failed to reject the provisions of the act was conclusively presumed to be under the act, and that he could not remove himself from its terms and provisions and avoid liability to an injured employee by failure to take out the liability insurance provided by the act. We hold that, as the law stood at the time of the injury for

which award is sought in this action, appellees were conclusively presumed to come within the terms and provisions of the Workmen's Compensation Act, by reason of their failure to reject the terms of the act, and that their subsequent failure to take out insurance did not absolve them from their liability to the employee under the terms of the act.

It follows that the order of the industrial commissioner in dismissing appellant's claim for want of jurisdiction was erroneous, and the decree of the district court affirming such ruling was likewise erroneous.

No question of the constitutionality of the statute is raised, and any question in regard thereto is expressly reserved from the decision of this case.

The order appealed from must be, and the same is,—*Reversed.*

EVANS, STEVENS, DE GRAFF, VERMILION, ALBERT, and MORLING, JJ., concur.