LESTER *v.* AUTO HAULAWAY CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—NOTICE OF ACCEPTANCE OR WITHDRAWAL.

Notice to employee of employer's acceptance of provisions of workmen's compensation act, actual or by posting, is not essential factor of operation under said act or withdrawal therefrom.

2. SAME—WHEN EMPLOYEE DEEMED TO HAVE ACCEPTED ACT.

Employee is deemed to have accepted workmen's compensation act if at time of accident employer charged with liability therefor is subject to provisions of act, whether employee has actual notice thereof or not, and employee shall not have given employer written notice of rejection (2 Comp. Laws 1929, § 8414).

3. SAME—REVOCATION OF ACCEPTANCE—NOTICE TO EMPLOYEE OF REVOCATION UNNECESSARY.

Where employer's acceptance of provisions of workmen's compensation act was revoked by department of labor and industry because of employer's failure to secure insurance, it was not under said act, and therefore employee is not entitled to compensation thereunder for injury received during revocation period, although no notice of revocation was given to employees (2 Comp. Laws 1929, § 8412).

Appeal from Department of Labor and Industry. Submitted June 9, 1932. (Docket No. 61, Calendar No. 36,435.) Decided September 16, 1932.

Helen G. Lester presented her claim for compensation against Auto Haulaway Company, Inc., employer, and General Indemnity Corporation, insurer, for an accidental injury. From order denying compensation, plaintiff appeals. Affirmed.

*Harold S. Knight,* for plaintiff.

*Mason, Alexander & McCaslin* and *E. Dean Alexander,* for defendants.

FEAD, J. Defendant employer, Auto Haulaway Company, operated under the workmen's compensation law (2 Comp. Laws 1929, § 8407 *et seq.*) from March 22, 1929. March 1, 1930, its insurer gave notice of desire to terminate the insurance. The department of labor and industry, after notice to defendant employer to secure other insurance or show cause, revoked defendant's acceptance of the act as of March 11th. June 5th, defendant employer executed a new acceptance of the act with defendant insurance company as its insurer, and it was approved by the department June 6th.

From March, 1929, to and including June 3, 1930, notices of acceptance of the act remained posted in defendant employer's shop and no notices of revocation or withdrawal were posted at any time.

Plaintiff, an employee of defendant employer continuously from March, 1929, to June 3, 1930, on the later date sustained an accidental injury arising out of and in the course of her employment.

Plaintiff's claim for compensation was denied by the department on the ground that it had no jurisdiction to pass upon it because the parties were not subject to the act on the day of the injury, June 3d.

Plaintiff cites *Bayon* v. *Beckley,* 89 Conn. 154 (93 Atl. 139); *Avre* v. *Sexton,* 110 Neb. 149 (193 N. W. 342); *Van Gorkom* v. *O'Connell,* 201 Iowa, 52 (206 N. W. 637), of interest but not in point. In those States, the employer automatically comes under the compensation law. An essential of rejection of the Connecticut act is stipulation in the contract of employment or personal notice to the employee, and of the other acts is posting notices of rejection. While differently expressed in the different statutes, the effect of failure to carry insurance is that the employer shall be liable to common-law action for in-

juries in the same manner as if he had rejected the act.

The courts were confronted by the propositions (1) that the employer is bound by the act unless he gives notice to the employees to the contrary, actual or by posting, and (2) that failure to carry insurance is visited by the penalty of common-law liability. Stressing the unfairness of permitting the employer to reject the act by mere failure to carry insurance and without notice to the employee, the courts found a way to save both provisions of the statutes by holding that failure to insure made no change in the status of the employer in the respect of his being subject to the act, but merely added to his liability by giving the employee the option of proceeding for compensation or suit for damages.

Our statute proceeds from a different basis, and, of course, must be construed according to its terms.

An employer does not become subject to our compensation act until he files with the department of labor and industry a written statement that he "accepts" the provisions of the act and until the department approves the method of payment of compensation proposed, i. e., insurance, or that the employer may carry his own risk on showing of financial responsibility. 2 Comp. Laws 1929, §§ 8412, 8460. Once operating under the act, the employer so continues from year to year unless, 30 days before the end of the year, he files notice of withdrawal.

Notice to the employee has not the jurisdictional force given it in the above States. The employer is required to post notices of his election to accept the act within 10 days after approval of his election by the department. 2 Comp. Laws 1929, § 8412. The law does not directly command him to post notice of withdrawal, although it contemplates such notice, because it provides that the department shall require

him to do so. But notice to the employee, actual or by posting, is not an essential factor of operation under or withdrawal from the act because the law not only does not declare that the failure to give notice shall affect the relationship or rights of the parties, but, on the contrary, provides, 2 Comp. Laws 1929, § 8443:

"Upon the filing of a statement of election by an employer to become subject to the provisions of this act, the board shall forthwith cause such notice of the fact to be given by requiring said employer to post such notice as hereinbefore provided; and the board shall likewise cause notice to be given of the filing of any withdrawal of such election; but notwithstanding the failure to give, or the insufficiency of, any such notice, knowledge of all filed statements of election and notices of withdrawal of election, and of the time of the filing of the same, shall conclusively be imputed to all employees."

The filing, not the posting, is the jurisdictional act.

An employee is deemed to have accepted the act if at the time of the accident "the employer charged with such liability is subject to the provisions of this act, whether the employee has actual notice thereof or not," and the employee shall not have given the employer written notice of rejection. 2 Comp. Laws 1929, § 8414.

Prior to 1929, an employer, having accepted the act, remained under it until his voluntary withdrawal. The difficulty in this case arises out of an amendment of 1929 to section 8412.

"The acceptance of any employer, after due notice and hearing, may be revoked by the commission (department of labor and industry) for a failure to keep in force insurance in cases where insurance is ordered or for a violation of any of the provisions of this act."

This is the whole of the amendment. No other changes were made to provide that notice of revocation should or should not be posted nor that revocation should or should not subject the employer to common-law damages or to continue his liability for compensation. The whole effect of the amendment must be found in its terms.

Nowhere else does the act indicate that an employer or employee may be partly within and partly without its operation, or that the employer be subject to liability for compensation or common-law damages at option of the employee. Nor does the amendment carry such construction.

Revocation is cancellation. "Acceptance" of the act by the employer, approved by the department, is an indispensable requisite to his operating under it. In using the language that the employer's "acceptance" may be revoked, without declaring a different effect, the legislature obviously intended that his status as an operator under the act should be canceled by revocation. This leaves the employer neither entitled to the benefits nor subject to the liability of the compensation law. As the employee is not under the act unless the employer is, revocation results in relegating each to his common-law status.

We recognize the unfairness of an employer being able to change an employee's status and rights by his own default and without notice to the employee, but the remedy must be found in the legislature and in administration of the power of revocation by the department.

Affirmed.

Clark, C. J., and McDonald, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred.