THE STATE, DEFENDANT IN ERROR, v. WILLIAM LAX AND SAMUEL STERN, PLAINTIFFS IN ERROR.

Submitted July 8, 1904—Decided November 7, 1904.

1. A charge of the court, "Possession of stolen property soon after the theft is *prima facie* evidence of the guilt of the person in whose possession it is found and throws on the defendant the burden of explaining that possession, and if it is made and is reasonable, and rebuts the presumption of guilt arising therefrom, then the burden is on the state to prove that it is false," is erroneous.

2. Possession of stolen property soon after the theft is a circumstance for the jury to consider and weigh in connection with the other evidence.

3. In criminal cases, the burden is on the state to prove the guilt of the defendant beyond a reasonable doubt, and that burden never shifts.

4. If a reasonable doubt of guilt is raised even by inconclusive evidence of the innocent possession of stolen goods, the defendant is entitled to the benefit of it.

On error to the Bergen Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiffs in error, *Louis Hood.*

For the state, *Ernest Koester,* prosecutor of the pleas.

The opinion of the court was delivered by

GARRETSON, J. The plaintiffs in error were convicted of grand larceny and have sued out this writ of error to reverse that conviction. An examination of the assignments of error affords no ground for reversal except that contained in the exception to that part of the charge of the judge, which is as follows:

"If the state shows you that the property stolen was found in the possession of the defendants, they have a right to explain how they came into possession of the property, and if they do, and the explanation is a reasonable one, and you are satisfied with it, the burden shifts to the state to show that the explanation is false.

"Possession of stolen property soon after the theft is *prima facie* evidence of the guilt of the person in whose possession it is found, and throws on the defendants the burden of explaining that possession; and if it is made and is reasonable, and rebuts the presumption of guilt arising therefrom, then the burden is on the state to prove that it is false."

Under the title, "The Presumption From the Possession of the Stolen Goods," 2 *Bish. Cr. Pro., ch.* 40, ¶ 740, states the rule as follows:

"When the fact of the theft has been shown and the question is whether or not the defendant committed it, his possession of the stolen goods, either sole or joined with others, at a time not too long after the stealing, is a circumstance for the jury to consider and weigh in connection with the other evidence."

In all cases the state must establish the guilt of the defendant beyond a reasonable doubt; the burden of proof is

always upon the state, and that burden never shifts. The defendant may raise a reasonable doubt in the minds of the jury by evidence to prove facts showing that he did not commit the crime; while such evidence may not establish the innocence, it may raise in the minds of the jury a reasonable doubt of the guilt of the defendant. The charge to the jury, in effect, was that if the defendants were proved to be in possession of the stolen property soon after the theft, they must find a verdict of guilty unless the defendants prove the innocent possession of the goods, thus taking away from the jury the question whether the evidence the defendants produced as to the possession raised in the minds of the jury a reasonable doubt as to the guilt of the defendants.

The defendants were entitled to have the jury consider whether the explanation of the possession of the stolen goods created a reasonable doubt as to their guilt.

This is the rule where evidence of *alibi* is introduced. *State* v. *MacQueen,* 40 *Vroom* 531; *Sherlock* v. *State,* 31 *Id.* 31. Also where a defendant introduces evidence tending to establish a good character in order to show the improbability of his guilt. *Baker* v. *State,* 24 *Id.* 45. Also as to drunkenness, when introduced to affect the degree of homicide. *Warner* v. *State,* 27 *Id.* 686. The charge of the court, in the particulars mentioned, was erroneous. The judgment will be reversed and a *venire de novo* be awarded.