PURITY ICE CREAM & DAIRY CO. *v*. ADAMS EXPRESS CO.

1. CARRIERS—DELAY—PRIMA FACIE CASE—BURDEN OF PROOF.

In an action for damages, where plaintiff shipped by express a car load of milk and cream to Jacksonville, Fla., "subject to delay on account of congestion," and on arrival the milk and cream were sour, causing a heavy loss, testimony that the ordinary time consumed in the journey was three or four days while the shipment in question took at least three times the usual running time, that there was for most of the route deviation from express to freight service, and that the car was iced for only the usual running time, *held*, to make a *prima facie* case for plaintiff, and that the burden of proof was upon defendant to show that the delay was excusable under the contract of shipment.

2. SAME—BURDEN OF PROOF NOT MET—DIRECTED VERDICT—APPEAL AND ERROR.

Where the burden of proof upon defendant to excuse its delay was not met, and plaintiff under the proofs was en-

217 Mich.—38.

titled to a directed verdict, an inadvertent statement by the trial judge in his charge to the jury as to the degree of care required of defendant was whether it "did everything in its power" to forward the shipment, *held*, not reversible error.

Error to Ingham; Collingwood (Charles B.), J. Submitted January 27, 1922. (Docket No. 8.) Decided March 30, 1922.

Case by the Purity Ice Cream & Dairy Company against the Adams Express Company for delay in delivery of goods. Judgment for plaintiff. Defendant brings error. Affirmed.

*Campbell, Bulkley & Ledyard* (*Wilson W. Mills* and *Charles McV. Willits*, of counsel), for appellants.

*Thomas, Shields & Silsbee* (*Robert S. Ballard*, of counsel), for appellee.

CLARK, J. On March 23, 1918, at Webberville, Michigan, there was delivered to defendant a car lot of milk and cream in cans to be carried and delivered to plaintiff at Jacksonville, Florida. The shipment was placed in one of defendant's regular express cars for car load shipments, was iced sufficiently to keep the product sweet for four days, was sent charges collect, the correct express charges being $760.50. Defendant's agent stamped upon the express receipt given to the shipper the words "subject to delay on account of congestion," to which the shipper's attention was then called. The ordinary time for carrying from Webberville to Jacksonville was three or four days. The car arrived in Cincinnati March 26th. On that day it was switched into a freight train, carrying glass, brick, hay, iron, etc., and completed, it seems, the journey in freight trains and reached Jacksonville April 5th, a delay of eight or nine days

beyond ordinary running time. Plaintiff claims the cream and milk were sweet when delivered and worth $4,335, and that upon arrival in Jacksonville the cream was sour and worth but $2,595.05 and that the milk was worthless, and that the loss therefore, claimed to have been caused by the negligence of defendant as indicated, was the sum of $1,739.95. Plaintiff brought suit. Defendant with its plea gave notice of set-off as to the express charges, which had not been paid. Plaintiff had verdict for $1,739.95 and interest $104.57, and the express charges $760.50, upon which judgment for plaintiff was entered in the sum of $1,739.95. Defendant brings error. Defendant contended that the delay was excusable under the clause "subject to delay on account of congestion." By the evidence that the time actually consumed was at least three times the usual running time, that there was for most of the route deviation from express service contracted for to freight service, that the product was iced for the usual running time, and considering the nature of the shipment, clearly plaintiff made out a *prima facie* case of negligence. The burden was then on the defendant to show that the delay arose from some other cause than its negligence. *Loveland & Hinyan Co.* v. *Waters*, 192 Mich. 680; *A. F. Young & Co.* v. *Railway Co.*, 201 Mich. 39. And this is true although the contract was "subject to delay," etc., as stated. See 10 C. J. p. 301, and cases there cited. And it was upon defendant to prove an emergency justifying the deviation of this car from express service to freight service. 10 C. J. p. 306.

To show congestion, defendant had testimony of congestion of less than car lot shipments, of a scarcity of express cars suitable for attaching to passenger trains and for express service, and of general congestion of freight, but none of such testimony approaches a justification or excuse for the delay here.

Plaintiff secured a regular express car. No imperfection in it or its equipment is claimed. It was a car lot shipment. No reason appears of record for the deviation to freight service. And this brings us to the important question in the case. The following from the charge:

"If you find that the Adams Express Company did everything in its power to forward this cream, this car of cream, and that they were prevented by congestion on the road and such congestion as was indicated in the contract, then your verdict would be no cause of action."

Was defendant prejudiced by the quoted and inadvertent statement as to the degree of care "did everything in its power?" As we have seen under the facts and the authorities cited plaintiff made a *prima facie* case, which is defined:

"A case made out by proper and sufficient testimony; one which is established by sufficient evidence, and can be overthrown only by rebutting evidence adduced on the other side." 31 Cyc. p. 1172.

It is a general rule that what is a reasonable time for transportation and the reasonableness and sufficiency of the excuse for delay are questions for a jury, but it is also the rule that "where the uncontroverted evidence clearly proves the issue, the question may be treated as one of law and passed on by the court without any encroachment on the province of the jury." 10 C. J. p. 306, and cases cited in the notes.

There being no evidence to meet the *prima facie* case of plaintiff, nothing to explain or excuse the delay, or to justify the said deviation, the court might have held defendant negligent as a matter of law, hence, the error in the charge was not prejudicial.

There was evidence sufficient to sustain a finding that the cream and milk were sweet when delivered

to defendant and sour and worthless in part on arrival at destination, that the damage resulted from defendant's negligence, and from which such damage might be ascertained.

Other questions raised have been considered. We find no reversible error.

Judgment affirmed.

FELLOWS, C. J., and WIEST, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.