## PETERSON v. SORENSEN.

No. 5476. Decided January 4, 1937. (65 P. [2d] 12.)

Rehearing Denied March 6, 1937.

508

*Harley W. Gustin,* of Salt Lake City, for appellant.

*Willard Hanson,* of Salt Lake City, for respondent.

MOFFAT, Justice.

This is an action to recover damages for alleged injury based upon claimed negligence. The plaintiff, while in the employ of the defendant during December, 1928, claims to have been injured. The defendant was engaged in the retail furniture business in Salt Lake City. It is conceded that he regularly employed more than three men and was, therefore, subject to the provisions of the Workmen's Compensation Act (R. S. 1933, 42-1-1 et seq.). The defendant was not carrying compensation insurance as required by the act. Neither had he qualified as a self-insurer. Plaintiff alleges that on December 22, 1928, while he was in the course of his employment he stepped into an elevator shaft in the rear of defendant's premises, fell into the pit, and was injured. The elevator was located at the rear of the building. There were two doors making the elevator accessible, one from the north and the other from the south or the rear. There was a platform at the rear accessible from the rear door, the plat-

form being about a foot from the level of the main floor of the building. The south or outside door was of the elevator or lift type. It was made of metal and slid down below the platform to permit entrance to the elevator from that side. When raised, the door closed the elevator from the outside and served to prevent possible fire from the outside getting into the elevator shaft. This door could be raised or lowered either from the platform or from the elevator if the elevator were brought to the level of the platform outside. In such position, the elevator floor would be one foot below the floor of the store.

This elevator served the defendant in moving furniture up to and down from the balcony to the ground floor of the premises used by defendant. It was also used by other occupants of the building above defendant's store over whom defendant had no control. On the evening of December 22d, after dark, a Mr. Murray and his wife went out of a door east of the elevator and called to plaintiff to close the door after them. Plaintiff closed the door from the inside and then went to the location of the elevator expecting to stand in the elevator and pull up the fire door at the rear. The elevator at that moment was at one of the floors above. It was dark and plaintiff did not notice that the elevator cage was not at the floor level and stepped into the shaft and fell about fifteen feet into the pit, resulting in injuries to his hips, arms, and feet. After recovery, plaintiff returned again to defendant's employ. He continued in this employment until discharged by defendant on August 27, 1932. Four days after his discharge and three years and eight months after his accident, plaintiff commenced this action. No claim is made for loss of time, medical or hospital bills, or impaired earning capacity.

This statement of facts is made for the purpose of indicating the background of the action, and although numerous errors are assigned, the matter reposes itself in two points only: (1) The question of the statute of limitations; and (2) errors assigned in certain of the instructions of the court.

The question of the statute of limitations was raised both by demurrer to the complaint, which was overruled, and by answer. Defendant denied negligence in the premises, denied he had any duty with respect to the elevator, set up that other tenants of the building used the elevator and had moved it to the floor above, and alleged that plaintiff was injured by his own negligence and lack of care and that his injury was not incurred in the scope of his employment. Trial by jury resulted in a verdict for plaintiff, and defendent prosecutes this appeal.

Appellant assails the action of the trial court in overruling his demurrer and his plea in his answer that the action is barred by the statute of limitations. Appellant's position is that the liability is one created by statute and comes within the one-year limitation of subdivision (1) of section 6468, Comp. Laws Utah 1917, now section 104-2-26, subd. 1, R. S. Utah 1933. Respondent contends that the provisions of section 6474, Comp. Laws Utah 1917, now section 104-2-30, R. S. 1933, allowing a period of four years in which to bring an action for personal injury, apply, and the action being brought within that period is not barred. This raises the question as to whether the Workmen's Compensation Act includes within its provisions all cases in which the relation of master and servant or employer and employe exists and where more than three persons are regularly employed, without reference to the exceptions as to agricultural and domestic pursuits.

This court held in the case of *Utah Consol. Min. Co.* v. *Industrial Comm.*, 57 Utah 279, 194 P. 657, 16 A. L. R. 458, that a proceeding under the Workmen's Compensation Act involves a liability created by statute and must be brought within one year. This decision has been consistently followed. That such is the position of the court, and that the act applies where the employer carries insurance, is definitely settled. The question here, however, is: Is such an employer who comes within the requirements and conditions of the act, except that he fails to carry insurance

or qualify as a self-insurer, still within the terms of the statute? Or, put more broadly, has the Workmen's Compensation Act pre-empted the whole field where the relation of master and servant or employer and employe exists, except the specific exceptions relating to agricultural employment and domestic servants? It is contended that if an employer does not carry compensation insurance, he and his employes are denied the advantages provided by the statute and relieved from the liabilities of the act, and that they remain under their common-law rights and liabilities. That the liability of the employer for an injury to a servant, aside from the Workmen's Compensation Act, is not one created by statute, and that the one-year statute of limitations does not apply if it is a common-law action, needs no further discussion. The real question, therefore, is: Is the defendant within or without the exclusive provisions of the Workmen's Compensation Act? Section 42-1-40, R. S. 1933, formerly section 3110, Comp. Laws Utah 1917, provides who shall constitute employers subject to the provisions of the title in part as follows:

"(2) Every person, firm and private corporation, including every public utility, having in service three or more workmen or operatives regularly employed in the same business, or in or about the same establishment, under any contract of hire, express or implied, oral or written, except agricultural laborers and domestic servants; provided, that employers who have in service less than three employees, and employers of agricultural laborers and domestic servants, shall have the right to come under the terms of this title by complying with the provisions thereof and the rules and regulations of the commission."

It is also provided by section 42-1-54, R. S. 1933, formerly section 3129, Comp. Laws 1917, relating to employers who shall fail to comply with the provision of section 42-1-44, R. S. 1933, as follows:

"Employers who shall fail to comply with the provisions of section 42-1-44 [relating to the requirement that employers carry insurance or qualify as self-insurers] shall not be entitled to the benefit of this

title during the period of noncompliance, but shall be liable in a civil action to their employees for damages suffered by reason of personal injuries arising out of or in the course of employment caused by the wrongful act, neglect or default of the employer or any of the employer's officers, agents or employees, and also to the dependents or personal representatives of such employees where death results from such injuries. In any such action the defendant shall not avail himself of any of the following defenses: the defense of the fellow-servant rule, the defense of assumption of risk, or the defense of contributory negligence. Proof of the injury shall constitute prima facie evidence of negligence on the part of the employer and the burden shall be upon the employer to show freedom from negligence resulting in such injury. And such employers shall also be subject to the provisions of the section next succeeding."

The next succeeding section referred to is section 42-1-55, R. S. 1933, formerly section 3130, Comp. Laws 1917, and it provides:

"Any employee, whose employer has failed to comply with the provisions of section 42-1-44, who has been injured by accident arising out of or in the course of his employment, wheresoever such injury occurred, if the same was not purposely self-inflicted, or his dependents in case death has ensued, may, in lieu of proceeding against his employer by civil action in the courts as provided in the last preceding section, file his application with the commission for compensation in accordance with the terms of this title, and the commission shall hear and determine such application for compensation as in other cases; and the amount of compensation which the commission may ascertain and determine to be due to such injured employee, or his dependents in case death has ensued, shall be paid by such employer to the persons entitled thereto within ten days after receiving notice of the amount thereof as so fixed and determined by the commission."

This section gives to the employee of an employer who has failed to comply with the provisions of the Workmen's Compensation Act relating to insurance, an election. That is, he may either present his application for compensation to the Industrial Commission as in other industrial cases, or he may proceed "against his employer by civil action in the courts as provided in [section 42-1-54]." By that section the employer is liable to his employes in a civil action during the

period of noncompliance for damages suffered by reason of personal injuries sustained in an accident arising out of or in the course of employment caused by the willful act or neglect or default of the employer or any of the employer's officers, agents, or employees. It appears to us that these provisions cover the same elements and were intended to save to the employee his common-law civil right of action against the employer. The employee, however, is given the further advantage in this civil action, in that the employer may not avail himself of the fellow-servant rule, the defense of assumption of risk, or the defense of contributory negligence.

The negligence charged in the complaint in this action is that the defendant failed to maintain any lights in and about the elevator shaft, with the result that the position of the cage in the shaft could not be seen, and, also, in permitting the easily sliding door of the elevator shaft to remain so that the shaft was open; that because of such negligence, plaintiff, while in the course of his employment as heretofore indicated, walked into the shaft, with the results indicated. The complaint states facts sufficient to state a cause of action entitling plaintiff to relief at common law, and he therefore need not rely upon the provisions of the Workmen's Compensation or Industrial Act for the relief prayed. It is argued that the relation of master and servant was fundamentally altered, with the result that an action as known to the common law by the servant against the master for an injury sustained by the former no longer exists in this State. That such is the law when the master complies with the Workmen's Compensation Act in the matter of carrying insurance may be conceded. The injured employee is not, however, deprived of his common-law right of action against a noncomplying employer. The only provisions of our Industrial Act which need concern us in our view of the matter in hand are sections 42-1-44, 42-1-54, and 42-1-55, supra, and in addition section 42-1-57, R. S. 1933, the latter section providing as follows:

"The right to recover compensation pursuant to the provisions of this title for injuries sustained by an employee, whether resulting in death or not, shall be the exclusive remedy against the employer, except as in this title otherwise declared; provided, that where the injury is caused by the employer's willful misconduct and the act causing such injury is the personal act of the employer himself, or, if the employer is a partnership, of one of the partners, or if a corporation, of an elective officer or officers thereof, and such act indicates a willful disregard of the life, limb or bodily safety of employees, such injured employee or other person damaged may, at his option, either claim compensation under this title or maintain an action at law for damages. The term 'willful misconduct,' as employed in this section shall be construed to mean an act done knowingly and purposely with the direct object of injuring another."

In a number of cases wherein the provisions of a similar statute to that of section 42-1-54, formerly section 3129, Comp. Laws 1917, are discussed, the courts have used language indicating, without expressly so deciding, that the alternate remedy of civil suit is the common-law action for damages, notwithstanding the defendant is deprived of the defense of the fellow-servant rule, the defense of assumption of risk, and that of contributory negligence. In *Fassig* v. *State*, 95 Ohio St. 232, 116 N. E. 104, 106, the court said:

"It will be observed that the employee of such an employer has two remedies, and he must elect which one he will pursue. He cannot have both. He may sue his employer, as at common law, and in that suit he is permitted to recover whatever damages he is able to show he has sustained; or he may, in lieu of such suit, apply to the commission for compensation under the act."

In *American Chemical Co.* v. *Smith*, 8 Ohio App. 361, the court refers to the statute and says it

" * * * takes away the defenses of the fellow-servant rule, contributory negligence and assumption of risk, but does not enlarge the basis for recovery on the grounds of negligence beyond what existed at common law, and the employer is only required to exercise ordinary care under all the circumstances of the case."

Similar language is used in *Lindebauer* v. *Weiner*, 94 Misc. 612, 159 N. Y. S. 987, and *Nadeau* v. *Caribou Water, Light*

*& Power Co.*, 118 Me. 325, 108 A. 190. Cases in Iowa are to the same effect where by statute the defendant, in addition to being deprived of the common-law defenses above mentioned, has the burden of disproving negligence. In *Gay* v. *Hocking Coal Co.*, 184 Iowa 949, 169 N. W. 360, 362, is the following:

"Having rejected the act, defendant is liable in the same manner and to the same extent as it would have been had the compensation act never been enacted, except that, when sued by an employee for a personal injury arising out of and in the course of his employment, it will be presumed that the injury was caused by the employer's negligence and certain common-law defenses will not be available to him." See, also, *Martin* v. *Chase*, 194 Iowa 407, 189 N. W. 958.

The case of *State* v. *Hughes Oil Co.*, 58 N. D. 581, 226 N. W. 586, cited by appellant, does not aid him. If anything, the case makes against his contention, although the case is not in point because of differences in statutes and the states of facts.

It will doubtless be conceded that unless relieved by the Industrial Act, the employer remains liable for his negligent injury of his employee. There is nothing in the language of section 42-1-57, supra, or elsewhere in the act, which expressly or by necessary implication deprives an employee of his common-law action against a noncomplying employer for injuries sustained by the former on account of the negligence of the latter. On the contrary, those provisions of the act which deprive the noncomplying defendant employer of the defenses of the fellow-servant rule, assumption of risk, and contributory negligence, and cast upon him the burden of showing freedom from negligence, are calculated to enlarge rather than to restrict the right of the employee to recover for injuries sustained by him on account of the negligence of the employer. If, in an action by an employee against a noncomplying employer, the former assume and successfully maintain all of the burdens of a common-law action necessary to recover judgment, it is clear that the employee would be entitled to a judgment

against the employer notwithstanding the provisions of the Industrial Act. That is to say, the employee is not required to rely on the Industrial Act at all as a basis for recovery against a noncomplying employer. The essence of the cause of action alleged by plaintiff is that he was injured by defendant's negligence. The mere fact that the Industrial Act contains provisions which make it less burdensome for plaintiff to establish his claim and take from defendant certain defenses does not justify the conclusion that the cause of action is one created by statute. Moreover, the noncomplying employer "shall not be entitled to the benefit of this title during the period of noncompliance." Section 42-1-54. By pleading the bar of the one-year statute of limitation, the defendant seeks, contrary to the express provisions of the act, to avail himself of the act. This he may not do. We are of the opinion that this action is not barred by the one-year statute of limitation and that, therefore, the action should not be dismissed.

Appellant attacks a number of the instructions given to the jury. Instruction No. 5, which is so attacked, reads as follows:

"The law under which this action is brought makes the happening of such an accident as this prima facie evidence of negligence, and the burden is upon the defendant to show that he was free from negligence. If you believe from the evidence that the defendant was guilty of any negligence, no matter how slight, which in any manner contributed to the accident in question, then your verdict should be in favor of the plaintiff and against the defendant."

Objection was taken to the first sentence of the foregoing instruction as well as to the whole thereof, and the giving of the same is assigned as error. Appellant also assigns as error the failure and refusal of the court below to inform the jury of the acts of negligence relied upon by plaintiff. The law is well settled generally and in this jurisdiction that a plaintiff must prevail if at all, upon the negligence charged. A jury may not award damages for negligence not charged, nor for charged negligence

not sustained by proof. The jury should, by the instructions given, be confined to a consideration of the negligence which is charged and supported by proof. The failure to so limit the jury in its deliberations has been, by the uniform holding of this court, held to be prejudicial error. *Fowkes* v. *J. I. Case Threshing Mach. Co.*, 46 Utah 502, 151 P. 53; *Kendall* v. *Fordham*, 79 Utah 256, 9 P. (2d) 183; *Industrial Comm.* v. *Wasatch Grading Co.*, 80 Utah 223, 14 P. (2d) 988. Nowhere in the instructions given to the jury in the instant case did the trial court inform the jury of the negligence charged against the defendant. The jury, in effect, was told in the instructions that it should find for the plaintiff if defendant was negligent in failing to maintain proper lights at and near the elevator shaft or in failing to keep the fire door up so as to prevent persons from walking into the shaft. Nowhere, however, in the instructions was the jury informed that to find a verdict for plaintiff it must find the defendant guilty of negligence in one or both of such particulars. On the contrary, instruction No. 5, heretofore quoted, clearly indicates that unless the defendant showed that he was free from all negligence, whether charged or not, no matter how slight, as long as it contributed to the accident in question, plaintiff was entitled to a verdict.

There is nothing in the Workmen's Compensation Act which justifies plaintiff in recovering either for negligence not charged, or for negligence charged but not proved. To so hold would lead to the destruction of one of the chief purposes of pleadings, namely, that of informing the adversary of what he is required to meet at the trial. Moreover, to inform the jury that the happening of the accident was prima facie evidence of negligence was calculated to confuse the jury and hence error.

We have a statute which provides that:

"Possession of property recently stolen, when the person in possession fails to make a satisfactory explanation, shall be deemed prima facie evidence of guilt." R. S. 1933, 103-36-1.

In the case of *State* v. *Barretta*, 47 Utah 479, 155 P. 343, 346, this court in discussing what was meant by "prima facie" had this to say:

"Undoubtedly, the court has to do with questions of a prima facie case whenever it withholds from, or submits a case to, the jury. But that determination, like all questions of sufficiency of evidence, to warrant a conviction, is one of law and not of fact. When a court submits a case to a jury, the court necessarily determines that there is sufficient evidence to justify a conviction. The court cannot leave that question to a jury. To do so would be to make the jury judges of both the law and of the facts. So, when such a case as this is submitted to a jury, they have nothing to do with questions of what is or what is not, a prima facie case; nor are they required to make a finding in such respect. They, to convict, are required to find the accused guilty beyond a reasonable doubt. If they do not so find, they are required to acquit regardless of whether a prima facie case was made or not. Juries have only to do with questions of a prima facie case when there is a shifting of burden of proof. But here there was no shifting of burden, either of proof, or duty of going forward. The state at the start had the burden to establish beyond a reasonable doubt every essential allegation of the information, and that burden, without shifting, remained with the state throughout the entire case. So, when there is no shifting of burden of proof or duty of going forward, we see no good purpose, in the submission of a case, to inform the jury what constitutes a prima facie case. As well inform the jury on every submission of a case that the court is of the opinion that a prima facie case is made and the grounds upon which the opinion is based, and that therefore he submitted the case to them. We think a charge, that recent possession of stolen property when the party in possession failed to make a satisfactory explanation was prima facie evidence of guilt, may do harm by singling out and emphasizing particular evidence in a cause to the exclusion of other evidence which may be of equal or greater importance, and, without further explanation or direction, may tend to convey a meaning to the jury that when such enumerated particulars are shown the burden of proof is shifted to the accused, which, if not sustained by him, requires the verdict to be cast against him. *Dobson* v. *State*, 46 Neb. 250, 64 N. W. 956; *Williams* v. *State*, 60 Neb. 526, 83 N. W. 681; *Van Straaten* v. *People*, 26 Colo. 184, 56 P. 905; *McCoy* v. *State*, 44 Tex. 616; *State* v. *Bliss*, 27 Wash. 463, 68 P. 87; *State* v. *Sasseen*, 75 Mo. App. 197; *State* v. *Lax*, 71 N. J. Law, 386, 59 A. 18. Of course, the jury, upon the matters alone which the statute declares is a prima facie case, may find the accused guilty, if they, upon such proof, are convinced beyond a reasonable doubt of

his guilt. But just as certain is it that they, if not so convinced, are required to acquit him, though such matters may not even be disputed or contradicted by any evidence whatever. So we do not see what the question of a prima facie case has to do with the jury and think the charge ought not to have been given."

See, also, *State* v. *Donovan*, 77 Utah 343, 294 P. 1108.

These last cases are criminal and the instant case is civil; still, the doctrine there announced is applicable here.

The defendant attempted to show that he had paid plaintiff the sum of $12,000 since plaintiff received his injury. Error is assigned because such evidence was rejected. It appears from the plaintiff's evidence that he made an application to the Industrial Commission of Utah for compensation on account of his injury. It is not shown what became of that application. Defendant makes no claim in his answer or otherwise that plaintiff's action is barred because of a proceeding had before the Industrial Commission or because of any money paid as compensation for the injury. If such a defense had been interposed, it may be that the evidence of payment would be proper. The offer made, however, seems to indicate that the money paid was for wages. As this action is not for the loss of wages, but one for damages on account of the injury, it is difficult to perceive how the rejected testimony was relevant to the question in issue. Under the present pleadings, the evidence as to the amount of money paid as wages was properly excluded.

Other errors are assigned, but as they are either without merit or are not likely to arise upon a new trial, no good purpose can be subserved by a discussion thereof.

The judgment of the lower court is reversed and a new trial granted, with costs on appeal to appellant.

ELIAS HANSEN, C. J., and FOLLAND, J., concur.

LARSON, District Judge (concurring in part; dissenting in part).

I concur in that part of the opinion of Mr. Justice MOFFAT which holds that the instructions of the court to the jury were insufficient on the question of negligence, and the instruction as given that negligence is presumed is too broad. I concur in the order that the judgment should be reversed and costs awarded appellant. I do not concur in the order remanding the cause for a new trial. I hold that the order should be for the district court to set aside the judgment and dismiss the action, with costs to defendant. Since this is a minority opinion, no good cause could be subserved by an exhaustive examination of the statute and the authorities. But as the question on which I differ from the majority of the court is so vital, and the majority opinion is, to my mind, so far-reaching in its effect, and so staggering in its possibilities, I deem it best to briefly indicate the points on which I differ from the majority of the court.

The principal point involved in the case, and the one upon which I differ from my associates, may be stated thus: In the enactment of the Workmen's Compensation Act, did the Legislature intend to abrogate entirely the common-law relationship of master and servant, and substitute therefor a new statutory relationship of employer and employee, whose rights are those only as fixed by the statute? The majority opinion takes the view that the statute created a new right in the employee to receive compensation and placed a new liability upon the employer to pay compensation, but in cases where the employer does not comply with the act and carry insurance, or qualify as a self-insurer, did not abrogate the common-law right in the injured workman to bring an action at law against the employer. I think the statute abrogated or suspended entirely all the old rights and liabilities of master and servant, except cases of wanton and willful injury—which never were founded upon the relationship of master and servant—and set up, not in addition thereto, but in lieu thereof, a new statutory relationship of employer and employee; and that all future rights must be found within the statute. If the prevailing opinion is followed to what

seems to me to be its logical conclusion, it may perhaps be that any employee injured within the past four years, regardless of whether the employer carried insurance and paid compensation, can now maintain an action at law for damages against the employer. I am not unmindful that the act itself provides that the right to compensation through the Industrial Commission shall be the exclusive remedy of the injured workman where insurance is carried, but this, as I read the statute, must mean the exclusive remedy under the statutory right created by the act, and cannot apply to the common-law right to maintain an action at law against the master for damages. The common-law right was a right to sue at law, and if that is denied, the right is taken away. A right without a remedy, without a means of enforcement, cannot exist.

To my mind the prevailing opinion creates this situation: Where the employer carries insurance or qualifies as a self-insurer, as provided in the act, the old relationship of master and servant, and its rights and liabilities, are abrogated by the statute in question, and the injured employee has only the right to compensation as provided in the act, and his common-law right to sue for damages sustained through the negligence of his employer or fellow workman is taken away. But if the employer does not qualify as an insurer under the act, the workman who is injured has two legal rights, not merely remedies, which he may enforce: Firstly, he may claim compensation as provided in the act, thus exercising a new legal right founded on the statute; and, secondly, not in lieu of, but in addition thereto, he may exercise his common-law right and sue his employer for damages sustained by the injury.

It follows, therefore, that the question as to whether an injured workman has two legal rights, or only one, depends upon whether his employer wants to give him two or one. It would be at the employer's option as to what the rights of the injured workman were, and as to how they must be enforced. If he takes insurance, he changes the workman's

right, not merely his forum. He grants or abrogates legal rights—a thing generally understood to be done only by the law. That, in effect, is to say that it is not the Legislature, not the law, that prescribes and fixes the rights of the injured workman, but the act of the employer. He alone determines whether his injured employee shall be limited to compensation or shall also have the right to sue for damages. Can it be that the Legislature delegated to the employer the power to fix, limit, or abrogate the legal rights of his workman? And can it be that the Legislature intended to extend to the workman, whose employer does not carry insurance, two legal rights—not merely remedies—to wit, the right to receive under the act compensation for injuries, and then also the right to sue the employer for damages; while the workman whose employer carries insurance is limited to the first right only? I cannot believe that the Legislature intended to so give to some of its citizens rights which it denies to the many.

It is clear from section 3130 of the act (Comp. Laws 1917) that even though an employer does not carry insurance as required by section 3114, he is still within its provisions, and subject to all its liabilities and obligations. The carrying of insurance is not a prerequisite to the power of the Industrial Commission to hear, determine, and make an award. The section provides that where a workman is injured in the course of his employment with or without his fault, with or without fault on the part of the employer, the workman may apply to the commission the same as though insurance were carried by the employer and receive his award for compensation. The only difference is that where insurance is carried, the order of the commission directs the carrier to pay, the same as with a self-insurer; but to insure such payment, since there is no carrier as surety, the award may be docketed in the court as a judgment and enforced by execution. And this remedy is exclusive, even against an employer who does not carry insurance, where the injury is not predicated upon the negligence of the employer. The failure

to carry insurance does not affect the rights, liabilities, or remedies of the parties. The carrying of insurance, in addition to the fact that it may be an economic saving to the employer, is to relieve the employer from the lien of judgments on his property, from the levy of execution, and the embarrassment and interference with his time and business in enforcing payment of the award.

What then is the effect of section 3129, Comp. Laws 1917? Be it noted first that this section applies only to cases when the injury is caused by the *"wrongful act, neglect or default of the employer or his agent or employee."* (Italics mine.) Be it further noted that even in such case, the employee may proceed as in section 3130, supra, and take his award from the commission under the same rules and proof as in cases where insurance was carried. There is no change by this section in the rights of the employer. He is subject to the commission, obligated to pay the same awards, and on the same proof as if he carried insurance. So, clearly, there are no exceptions to the provisions of the act in the status of the employer.

Are there, then, any rights conferred upon the employee which avoid the statutory liability and set up and restore the parties to the common-law status and the rights and liabilities thereof? Paraphrasing section 3129, quoted above, in full harmony with the rest of the title, it says that where a workman is injured due to the wrongful act, neglect, or default of his employer, or others under the employer's control, the workman may have his choice of forum: He may either apply to the commission for the statutory award; or, since the amount of the award the commission can make is fixed by the act, he may sue in the courts and perhaps obtain a larger award. But if the workman selects the forum of the court, the rights of the parties, except as to the amount of award, shall be the same as they exist in proceeding before the commission. The employer shall not be permitted to avail himself of his common-law defenses, and he shall carry the burden of proof with respect to how the in-

jury occurred and the causes thereof. He (the employer) has that obligation in proceeding before the commission if he or his insurance carrier resists the award sought by the workman. The employee need only show his injury and that he was injured in the course of his employment. Bear in mind that under the act any injury occurring in the course of employment, except a self-inflicted one, carries compensation, regardless of insurance. Even in the forum of the court the workman upon proof of injury must receive a judgment equal to the award he would have received before the commission. If the injured employee feels that his injury resulted from wrongful act or neglect on the part of the employer, he may seek a larger award than the commission can make, through the court. The commission, being an administrative and only quasi-judicial body, is not vested with authority to determine questions of negligence, or of speculative damages. They cannot sit as a jury and make awards based on judgment, discretion, or what they may feel to be fair or sufficient or include anything in the award for pain endured, suffering undergone, or in the way of punitive or exemplary damages. For these reasons, with the added one that an award, where there is no insurance carried to assure the prompt payment of the award, may be difficult and expensive to collect, the injured workman may at his option seek a larger award through the court, but always under substantially the same rules and rights and liabilities as govern proceeding when determined by the commission. Of course, this possibility of thus being required to pay a larger award serves as a factor to safeguard the employees from faulty equipment or premises, and negligent acts or omissions of duty on the part of the employer and his agents and other employees. It is also an inducement to the employer to comply with the act and furnish the necessary insurance for the prompt payment of the compensation award.

The conclusion, therefore, is inevitable that the Workmen's Compensation Act, title 49, Comp. Laws 1917, and all acts amendatory thereof, in all cases except agricultural and do-

mestic pursuits, where three or more persons are regularly employed, abolished or modified the old relationship of master and servant, and all the rights, duties, and liabilities thereof, and set up a new relationship of employer and employee, with new rights and privileges, duties and liabilities, whether or not the employer carries insurance as required by section 3114, Comp. Laws Utah 1917, and acts amendatory thereof; that the liability thereunder is a liability created by statute and is subject to the one year statute of limitation.

EPHRAIM HANSON, Justice (concurring in part; dissenting in part).

In the complaint it in substance is alleged that the defendant owned and operated a furniture store and was engaged in selling at retail furniture and other supplies; that the plaintiff was an employee of the defendant in selling goods and supplies at the store; that the defendant had in its employ more than three employees and was subject to the provisions of the Workmen's Compensation Act, but had neglected to comply with the act, particularly in failing to secure workmen's compensation insurance as by the act provided; that the defendant in the course of his business maintained and operated an elevator from floor to floor of the store; that when the elevator was not on the main floor the shaft at such place was open and unguarded; that the premises were dark and unlighted, and that due care required the premises to be lighted and the elevator shaft guarded by a gate or other guards to prevent employees in the course of their employment from falling into the shaft; that the defendant failed and neglected to have the premises lighted or the shaft guarded by a gate, or by other guards; and that by reason of such negligence the plaintiff, while in the course of his employment and in the discharge of his duties about the premises, fell into the open shaft and to the bottom thereof and was injured.

The defendant by its answer admitted some of the material allegations of the complaint, denied others, and affirmatively

alleged that whatever injuries were sustained by the plaintiff were due to his own negligence, and further pleaded that the action was barred by subdivision 1, § 6468, Comp. Laws Utah 1917, which provided that an action for liability created by statute was required to be brought within one year from the time the cause of action accrued; the accident having occurred December 22, 1928, and the complaint filed August 31, 1932.

The case was tried to the court and a jury, resulting in a verdict and judgment in favor of the plaintiff, from which the defendant prosecuted this appeal. The chief assignments, and as stated in the prevailing opinion, relate (1) to the alleged bar of the statute, and (2) to portions of the court's charge.

I fully concur in the views expressed in the prevailing opinion and in the holding that the action was not predicated upon a liability created by statute and hence was not barred by the pleaded statute, and that the four-year period and not the one-year period of limitation applied. In support of the proposition, I, however, wish to cite the further and additional authorities and cases bearing on the subject: 28 R. C. L. 829; 71 C. J. 1487, §§ 1502, 1503; *Preece* v. *Oregon S. L. R. Co.,* 48 Utah 551, 161 P. 40; *Jeremy Fuel & Grain Co.* v. *Denver & R. G. R. Co.,* 60 Utah 153, 207 P. 155; Pomeroy's Code Remedies (4th Ed.) §§ 452-454, §§ 459-462; *Hawkins* v. *Iron Valley Furnace Co.,* 40 Ohio St. 507; *Hocking Valley R. Co.* v. *New York Coal Co.* (C. C. A.) 217 F. 727; *Abell* v. *Bishop,* 86 Mont. 478, 284 P. 525; *Miller & Lux* v. *Batz,* 131 Cal. 402, 63 P. 680; *Beeler* v. *Butte & London Copper Devel. Co.,* 41 Mont. 465, 110 P. 528; *Jensen* v. *Aikman,* 32 Idaho 261, 181 P. 525; *Brown* v. *Roberts,* 78 Mont. 301, 254 P. 419; *Frost* v. *Witter,* 132 Cal. 421, 64 P. 705, 84 Am. St. Rep. 53; *Anderson* v. *Wetter,* 103 Me. 257, 69 A. 105, 15 L. R. A. (N. S.) 1003; *Emory* v. *Hazard Powder Co.,* 22 S. C. 476, 53 Am. Rep. 730. Such cases hold that a liability created by statute is one which would not exist but for the statute, and point out the distinction between a right or

cause of action and remedy, and that the one is not equivalent to nor synonymous with the other.

That a civil action by an employee brought against an employer not complying with the Compensation Act, the denial by the statute of defense of negligence of a fellow servant, assumption of risk, and contributory negligence, do not constitute the creation of a liability where theretofore none existed, I also cite the following additional cases: *Whiteneck* v. *Board of Commissioners,* 89 Okl. 52, 213 P. 865; *Board of Com'rs* v. *Hancock,* 96 Okl. 238, 221 P. 429; *Bower* v. *Nunemaker,* 46 S. D. 607, 195 N. W. 506; *Van Gorkom* v. *O'Connell,* 201 Iowa 52, 206 N. W. 637; *Bayon* v. *Beckley,* 89 Conn. 154, 93 A. 139; *Beeler* v. *Butte & London Copper Devel. Co.,* supra; *Dillon* v. *Great Northern Ry. Co.,* 38 Mont. 485, 100 P. 960; *French* v. *Cloverleaf Coal Min. Co.,* 190 Ill. App. 400; *Kleet* v. *Southern Illinois Coal & Coke Co.,* 197 Ill. App. 243. See, also, annotations of cases, 21 A. L. R. 1428.

I also concur in the holding that as to a noncomplying employer with the Compensation Act, the employee has the choice either of claiming compensation under the Workmen's Compensation Act or to maintain a civil action against the employer for damages sustained by reason of personal injury arising out of or in the course of employment.

I, however, do not concur in the holding that prejudicial error was committed by the court in its charge to the jury and referred to in the prevailing opinion. As is seen, the action by the plaintiff was predicated on the ground that his employer had failed and neglected to comply with the Workmen's Compensation Act and as set forth in the prevailing opinion. At the conclusion of the evidence, the following facts or propositions were established without dispute: (1) That the plaintiff was an employee of the defendant; (2) that the defendant had more than three employees in his employ and was subject to the Workmen's Compensation Act; (3) that he failed to comply with the provisions of such act; and (4) that the plaintiff as such employee sustained personal injuries arising out of or in the course of his employ-

ment. There is no dispute in the evidence as to that. The plaintiff also gave evidence to support the alleged negligence charged in the complaint. The sufficiency of such evidence to support such allegations is not questioned. As is seen by the statute, section 42-1-54, R. S. 1933, set forth in the prevailing opinion and relating to employers who failed to comply with the provisions of the Workmen's Compensation Act, the employer is rendered liable in a civil action to its employees for damages suffered by reason of personal injury arising out of or in the course of employment caused by the neglect or default of the employer or of any of his officers, agents, or employees, and in such an action such noncomplying employer may not avail himself of any of the defenses of the fellow-servant rule, or assumption of risk, or contributory negligence, and by the act it is expressly provided that "proof of the injury shall constitute prima facie evidence of negligence on the part of the employer and the burden shall be upon the employer to show freedom from negligence resulting in such injury." It was by reason of such provision of the statute and upon the undisputed evidence in the case that the court gave instruction No. 5 referred to in the prevailing opinion, to the effect that:

"The law under which this action is brought makes a happening of such an accident as this prima facie evidence of negligence, and the burden is upon the defendant to show that he was free from negligence. If you believe from the evidence that the defendant was guilty of any negligence, no matter how slight, which in any manner contributed to the accident in question, then your verdict should be in favor of the plaintiff and against the defendant."

Let it be conceded that such charge in the absence of the statute would be erroneous. The holding is that such a charge, notwithstanding the statute and the undisputed evidence bringing the case within the statute was erroneous and prejudicial. I do not concur in that. I think that by reason of the statute, the charge in substance and effect was proper and was in effect but charging the jury the substance and effect of the statute, in an action brought against a non-

complying employer for an injury to his employe arising out of or in the course of his employment. In view of the statute in such particular, the holding in the prevailing opinion that a plaintiff must prevail, if at all, upon the negligence charged, that a jury may not award damages for negligence not charged, nor for charged negligence not sustained by proof, that the jury by instructions should be confined to a consideration of the negligence charged and supported by proof, and that there is not anything in the Workmen's Compensation Act which justified a plaintiff to recover either for negligence not charged or for negligence charged but not proved, I think is erroneous and is not giving proper effect to the statute providing what shall constitute prima facie evidence of negligence in a civil action against a noncomplying employer, and casting on him the burden of proof to show his freedom from negligence. In other words, by the prevailing opinion that in a civil action against a noncomplying employer, the same rule applies as in tort actions generally, requiring allegations of specific acts of negligence on the part of the employer and that to entitle the employee to recover he was required to establish such allegations of negligence by a fair preponderance of the evidence, and all that the employer was required to do when evidence was adduced to establish such negligence against him was merely to go forward with evidence to controvert the evidence so adduced by the plaintiff. I think such a holding is taking the very essence, the very life, out of the language of the statute that "proof of the injury shall constitute prima facie evidence of negligence on the part of the employer and the burden shall be upon the employer to show freedom from negligence resulting in such injury." In such particular, I think it is evident that the Legislature intended to modify, and did modify, the rule as to burden of proof generally applicable to tort action, and to relieve the employee from the duty in the first instance of affirmatively alleging or establishing specific acts of negligence as a plaintiff generally is required to do in tort actions, and to cast the burden on the employer to

show freedom from negligence resulting in the injury. That, I think, is a fair meaning of the statute and reflects the clear intent of the Legislature.

The appellant urges that the statute declaring what shall constitute "prima facie evidence of negligence on the part of the employer" is a mere presumption of law which, when evidence is adduced concerning which the presumption relates, the effect of the presumption is dissipated and has no evidentiary value. I think that does not reflect the true meaning of the statute. Presumptions of law are indulged independently and in the absence of evidence. No such presumption is declared by the statute. What the statute declares to be, not a presumption, but "prima facie evidence of negligence on the part of the employer," is based on proof of other facts and not independently of evidence. That is to say, to show and prove a case of liability against a noncomplying employer, it is requisite that the relation of employer and employee be alleged and established, that the employer was subject to the Workmen's Compensation Act and failed to comply therewith, and that the employee sustained personal injuries arising out of or in the course of his employment. When such facts are shown, then, declares the statute, proof of injury shall constitute prima facie evidence of negligence on the part of the employer. And then there is a clear distinction between a mere presumption of law and a presumption or inference of fact. 1 Elliott on Evidence, 103, § 83; 1 Jones, Comm. on Evidence (2d Ed.) 71, § 37. Such distinction is clearly pointed out by this court in the case of *Chamberlain* v. *Larsen*, 83 Utah 420, 29 P. (2d) 355.

What is thus called a "prima facie case" or "prima facie evidence" is not indulged or inferred *independently or in the absence of evidence, but upon facts or circumstances shown or proven in the case.* A "prima facie case" is that state of facts which entitles the party *to have the case go to the jury* [*Millar* v. *Semler*, 137 Or. 610, 2 P. (2d) 233, 3 P. (2d) 987] ; that a "prima facie case" *is evidence to be considered by the jury* [*White* v. *Hines*, 182 N. C. 275, 109 S. E. 31;

*Eaker* v. *International Shoe Co.*, 199 N. C. 379, 154 S. E. 667] ; that a "prima facie case" means that the case has proceeded *upon sufficient proof to that stage where it must be submitted to the jury* [*Welch* v. *Creech*, 88 Wash. 429, 153 P. 355, L. R. A. 1918A, 353] ; that a "prima facie case" is one made out by proper and sufficient testimony, one which is established by sufficient evidence, and can be overthrown only by rebutting evidence adduced on the other side. *Purity Ice Cream & Dairy Co.* v. *Adams Express Co.*, 217 Mich. 593, 187 N. W. 296; *Gilmore* v. *Modern Brotherhood of America,* 186 Mo. App. 445, 171 S. W. 629.

The authorities further show that the expressions, "res ipsa loquitur," "prima facie evidence," and "prima facie case," are used synonymously, and signify nothing more than *evidence* to be considered by the jury in connection with all other evidence in the case (*White* v. *Hines*, supra) and that the phrase "prima facie evidence" (the language used in the statute under consideration) is such evidence as in judgment of law is sufficient *to establish the fact* and, if not rebutted, remains sufficient for the purpose (Ballentine's Law Dictionary, 1009) ; that it is evidence sufficient to establish a fact unless rebutted and is that degree of proof which, uncontradicted, is by itself sufficient to establish the truth of a legal principle asserted by a party, and suffices for proof of a particular fact (4 Nicholls, App. Evid. 3691) ; that prima facie evidence of fact is in law sufficient to establish a fact unless rebutted or until overcome by other evidence (Bouvier's Law Dict.; Baldwin's Cent. Ed. p. 974) ; that prima facie evidence is sufficient to show the existence of the fact it is adduced to prove unless overcome by counter evidence and is sufficient to support a verdict in favor of the party by whom it is introduced (23 C. J. 9, § 1735) ; it means that the proponent having the first duty of producing some evidence in order to pass the judge to the jury, has fulfilled that duty, satisfied the judge, and may properly claim that the jury be allowed to consider it in the case, sufficiency of evidence to go to the jury (5 Wigmore on Ev. [2d Ed.] §

2494, p. 455). A leading case on the subject cited by lexicographers and by courts is *Kelly* v. *Jackson,* 6 Pet. 622, 8 L. Ed. 523, wherein Mr. Justice Story said:

"What is prima facie evidence of a fact? It is such as, in judgment of law, is sufficient to establish the fact; and, if not rebutted, remains sufficient for the purpose. The jury are bound to consider it in that light, unless they are invested with authority to disregard the rules of evidence, by which the liberty and estate of every citizen are guarded and supported."

Other courts have said that "prima facie evidence" is proof of the case upon which the jury may find a verdict unless rebutted by other evidence, and that such evidence is to be weighed together with the other evidence [*Uptmore* v. *State,* 116 Tex. Cr. R. 181, 32 S. W. (2d) 474]; that prima facie evidence means sufficient evidence upon which a party will be entitled to recover if his opponent produces no further testimony [*Eckman Chemical Co.* v. *Chicago & N. W. Ry. Co.,* 107 Neb. 268, 185 N. W. 444]; means evidence which standing alone and unexplained maintains the proposition and warrants the conclusion to support which it is introduced [*Chandler* v. *Prince,* 217 Mass. 451, 105 N. E. 1076]; is such evidence as in the judgment of the law is sufficient to establish the fact, and if not rebutted remains sufficient for that purpose. *Hamilton* v. *Blakeney,* 65 Okl. 154, 165 P. 141; *Hargis* v. *State,* 33 Okl. Cr. 283, 243 P. 986. To the same effect, see, also, *Southern Ry. Co.* v. *Wessinger,* 32 Ga. App. 551, 124 S. E. 100; *Dodson* v. *Watson,* 110 Tex. 355, 220 S. W. 771, 11 A. L. R. 583; *Gallup & Co.* v. *Rozier,* 172 N. C. 283, 90 S. E. 209; *Caffee* v. *State,* 11 Okl. Cr. 485, 148 P. 680. To that effect also is the case of *McIntyre* v. *Ajax Min. Co.,* 20 Utah 323, 60 P. 552.

The authorities thus cited hold that a "prima facie case" or "prima facie evidence" is one not only sufficient to let the case to the jury, but also to be considered by the jury as evidence, and if so regarded by the jury may be sufficient to support a finding as to the proposition so established by the prima facie case. The cases heretofore cited clearly show

that. However, I call special attention to the case of *Frank Meline Co.* v. *Kleinberger,* 108 Cal. App. 60, 290 P. 1042, 1043, wherein it is said:

"Appellant argues here that the appellate court held merely that the facts as presented by plaintiff sufficed to make out a prima facie case, and that any evidence contradictory of the facts adduced by plaintiff was sufficient to overthrow this prima facie showing. Such is not the law, nor can authority be cited in support thereof. A prima facie case having been once established, it was a matter for the trial court [to whom the case was tried, sitting without a jury] to determine when and if the showing so made was overcome by evidence offered to the contrary."

Thus, what the Legislature declared to be "prima facie evidence" of negligence on the part of the defendant, the appellant erroneously calls a "presumption of law," and then to show that "presumptions of law" have no evidentiary value he cites the case of *Ryan* v. *Union Pac. R. Co.,* 46 Utah 530, 151 P. 71; *Clark* v. *Los Angeles & S. L. R. Co.,* 73 Utah 486, 275 P. 582; *State* v. *Steadman,* 70 Utah 224, 259 P. 326; *State* v. *Green,* 78 Utah 580, 6 P. (2d) 177; and *In re Newell's Estate,* 78 Utah 463, 5 P. (2d) 230. But let it be noticed the kind of such cases in which the term "presumptions of law" was applied. None was in a case where by statute or otherwise it was declared or held as to what proof of facts or what proof shall constitute a "prima facie case" or "prima facie evidence" to establish a fact or proposition, here negligence of the defendant. Such cited cases are all cases where a "presumption of law" was indulged independently or in the absence of evidence. The cited Ryan and Clark Cases each are to the effect that independently and in the absence of evidence, the law presumes due care, and that when evidence is adduced with respect to which the presumption is indulged, the presumption ceases and has no evidentiary value and the fact of care or negligence was to be determined on the evidence adduced. The Steadman Case dealt with the presumption of innocence, a clear presumption of law, and that independently and in the absence of evidence, every per-

son is presumed to be innocent, but when evidence is given concerning the guilt or innocence of the accused, the presumption ceases and has no evidentiary value and the guilt or innocence determined upon the evidence adduced. The Green Case dealt with a presumption of sanity, that independently or in the absence of evidence every one is presumed sane, again a clear presumption of law, but when evidence was adduced concerning the sanity or insanity of the accused, the presumption of sanity ceased, and that the question of sanity or insanity was to be determined upon the evidence adduced. The Newell Estate Case dealt with a statute that when a testator omits to provide in his will for any of his children, etc., unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator as if he had died intestate. Such statute was construed by this court prior to the Newell Estate Case, that when the testator omitted to provide for his child, etc., a presumption, independently or in the absence of evidence, arose that such omission was unintentional, unless by the will itself or by intrinsic evidence it was shown that the omission was intentional; and that when evidence was adduced concerning the question of whether the omission was intentional or unintentional, the matter was to be determined upon the evidence adduced and not upon the presumption. In the Newell Estate Case both parties regarded the presumption as a "presumption of law," one to be indulged and applied as are all "presumptions of law," independently and in the absence of evidence, and so was it considered by the court. But how unlike is such a case with the instant case, where the Legislature by the statute in question did not independently or in the absence of evidence deal with any presumption, but in a civil action predicated on negligence brought by an employee against his noncomplying employer, in unmistakable terms declared what proof of facts shall constitute "prima facie evidence" of negligence of the employer, sufficient evidence to justify a finding of negligence, and as in all cases where a prima facie

case is established by sufficient evidence either direct or indirect to be considered by the jury or other trier of facts in connection with all other evidence in the case. The statute has nothing whatever to do with presumptions either of law or of fact. It simply defines what proof of facts shall constitute "evidence" of negligence on the part of the defendant, and if the question of negligence is controverted, then an issue of fact arises for determination by the trier of facts. Thus the force and effect of the statute as to what the Legislature declared to be "evidence" of the employer's negligence may not be avoided nor minimized by calling it something else, a mere "presumption of law."

There are statutes of various states where railroad companies are required to fence their right of way to keep cattle on adjoining lands from wandering or straying upon the right of way, and where domestic livestock on adjoining premises get upon the right of way and are injured or killed through the operation of an engine or train of cars by the railroad company, a prima facie case of negligence is established without allegations or proof of negligent acts of the railroad company in the operation of the engine or train of cars, casting the burden upon the railroad company to show its freedom from negligence. 2 Shearman & Redfield on Negligence (6th Ed.) 1073, § 432. Such prima facie case is not dissipated and does not cease to have evidentiary value upon proof made that the defendant was free from negligence. It but raises an issue of fact, and may or may not, depending upon the weight given it by the trier of fact, overcome or outweigh the showing made by the prima facie case.

So, too, where a keeper or proprietor of a hotel or restaurant dispenses and serves food to guests and customers to be consumed on the premises of the hotel or restaurant keeper or proprietor, and it be shown that putrid, infected, or deleterious food was served by the hotel or restaurant keeper or proprietor to such guest or customer who consumed portions thereof, resulting in serious illness, a prima facie case predicated on tort is established by proof of such facts, with-

out allegations or proof of specific acts of negligence on the part of the hotel or restaurant keeper or proprietor; and though evidence be adduced tending to show want of negligence on his part, still the prima facie case so made is not dissipated, nor does it cease to have evidentiary value.

So, also, in a case where proof of facts is made giving rise to a prima facie case of negligence by applying the doctrine or maxim of res ipsa loquitur, such prima facie showing "affords reasonable evidence in the absence of explanation by the defendant that the accident arose from want of proper care" (1 Shearman & Redfield on Neg. [6th Ed.] §§ 58A and 58B), and as by the authorities heretofore referred to the expressions, "prima facie case," "prima facie evidence," and "res ipsa loquitur" are used synonymously.

When the instruction under consideration is thus considered concretely and in view of the statute and the undisputed evidence, I think no error was committed in the giving of the instruction.

Because plaintiff specifically alleged negligence on the part of defendant, a noncomplying employer, did not deprive the plaintiff of the aid and benefit of the statute as to what constituted prima facie evidence of negligence. By analogy, the same rule in such particular applies here as to an action against a carrier for personal injuries when it is shown that the injuries were sustained under circumstances rendering the maxim of "res ipsa loquitur" applicable, and where the plaintiff is not required in the first instance to prove any particular defect by evidence other than by establishing the prima facie case, even though the facts with respect to defects are alleged with particularity in the complaint. *Dearden* v. *San Pedro, L. A. & S. L. R. Co.*, 33 Utah 147, 93 P. 271, 273. In that case, said the court:

"When it is shown that a person has sustained an injury under circumstances where the maxim referred to applies, he is not required in the first instance to prove any particular defect by evidence other than by the prima facie presumption, although the facts with respect to some defect are unnecessarily alleged with particularity in

the complaint. All that the plaintiff here was required to aver and prove to entitle him to recover was the relation of passenger and carrier, that the accident through which he received his injuries was connected with the means or instrumentality used by the defendant in the transportation, and an injury resulting therefrom. When such facts were shown, a prima facie presumption arose that the accident was occasioned by the defendant's negligence, and the burden was cast on it to show that it was not at fault and that the accident was not caused by its negligence. Because the plaintiff alleged and attempted to prove more than he was required to do did not displace the presumption of negligence as an element in his case nor change the rule of evidence with respect to the burden of proof. Had the plaintiff averred his freedom from contributory negligence when, as is the rule in this jurisdiction, such averment is not essential, the burden of proving such fact being upon the defendant, it might almost as well be said he was required to prove it before he was entitled to recover. The essential and ultimate fact alleged in the complaint and in dispute was the negligence of the defendant in causing the collision. A prima facie case of such negligence was proven by the showing of the circumstances of the collision heretofore referred to. That the plaintiff averred and undertook to show a defective brake chain as evidence of negligence causing the collision, did not waive nor affect the presumption of negligence arising from the circumstances, which was in itself sufficient to show such negligence. A relevant fact may frequently be proved in several different ways. The circumstances from which the presumption referred to arose were evidence for plaintiff of the fact of the defendant's negligence causing the collision. The evidence of a defective brake chain which the plaintiff produced was also some proof of such negligence, and was in aid of and not adverse to the presumption. And though he had failed in such proof, the presumption of negligence which had been shown to exist independent thereof was in no wise displaced nor weakened."

To that effect are also the following cases directly in point: *Kluska* v. *Yeomans*, 54 Wash. 465, 103 P. 819, 132 Am. St. Rep. 1121; *Cassady* v. *Old Colony Street Ry. Co.*, 184 Mass. 156, 68 N. E. 10, 63 L. R. A. 285; *Lippert* v. *Pacific Sugar Corp.*, 33 Cal. App. 198, 164 P. 810; *Palmer Brick Co.* v. *Chenall*, 119 Ga. 837, 842, 47 S. E. 329.

So here, under the statute, an employee to state a case of negligence against a noncomplying employer, all that he was required to aver was negligence in general terms arising

from allegations that plaintiff was an employee of defendant; that defendant was subject to the Workmen's Compensation Act and had failed to comply therewith by not securing compensation insurance as by the act provided; and that plaintiff was injured in the course of his employment, without otherwise alleging specific acts of negligence, and if he did so and though no proof was made of such alleged specific acts, yet that did not deprive him of the aid or benefit of what the statute declared to be prima facie evidence of negligence of the employer.

Particular criticism is made of the language of the charge that, "if you believe from the evidence that the defendant was guilty of any negligence, no matter how slight, which in any manner contributed to the accident in question, then your verdict should be in favor of the plaintiff and against the defendant." Tested by the general rule applicable to tort actions, as my Brethern do, such a charge may well be objectionable. But how about the statute? Are we, notwithstanding the statute, going to hold that an employee bringing a civil action against a noncomplying employer is, as in tort actions generally, required to allege specific acts of negligence on the part of the employer and to entitle the employee to recover he has the burden of proof to establish such allegations of negligence, thereby applying with full force the familiar maxim or doctrine, alegata et probata; and all that the employer was required to do, when evidence was adduced to establish such negligence against him, merely to go forward with evidence to controvert what is so produced against him? That in effect is what my Brothers hold. That, I think, in view of the statute, is wrong. If what my Brothers hold is true, then, of course, the charge is wrong. But to so hold is to take the very essence, the very life, out of the statute. By its language that "proof of the injury shall constitute prima facie evidence of negligence on the part of the employer, and the burden shall be upon the employer to show freedom from negligence resulting in such injury," the Legislature intended to modify, and did modify, the rule as to

burden of proof generally applicable to tort actions. Just as clear is it that by such language it was intended to declare that where an employer subject to the Workmen's Compensation Act refused or failed to comply therewith he became liable in a civil action for damages for an injury sustained by his employee in the course of his employment, and upon proof of such facts and injury, the burden of proof, the onus probandi, not a mere duty of going forward with evidence, was cast on him to show his freedom from negligence *resulting in the injury,* to show that he was not guilty of any negligence resulting in the injury, clearly shifting the burden of proof, or onus probandi, from the shoulders of the employee and casting it on the shoulders of the employer. In other words, in such case the Legislature relieved the employee from the duty of affirmatively establishing specific acts of negligence as generally required in tort actions, and cast the burden on the employer to show his freedom from negligence resulting in the injury; and unless he by a fair preponderance of the evidence shows such freedom, not partly but wholly, *resulting in the injury,* the employee is entitled to prevail. That, I think, is a fair meaning of the statute and reflects the clear intent of the Legislature.

The cases cited in the prevailing opinion and others cited by the appellant to the effect that to entitle a plaintiff to recover he must allege and prove specific acts of negligence, otherwise may not recover, are cases based on general tort actions not controlled or influenced by any statute such as in the instant case prescribing what shall constitute a prima facie case of negligence, and hence have, as I think, no application to such a statute as here under consideration in an action brought against a noncomplying employer subject to the Workmen's Compensation Act.

The case of *State* v. *Barretta,* 47 Utah 479, 155 P. 343, 347, also is cited in the prevailing opinion as an authority condemning instruction No. 5 here complained of. It seems to me there is a clear distinction between the Barretta Case and

the instant case. The Barretta Case was a criminal case. In that case it was distinctly stated that:

"There was no shifting of burden, either of proof, or duty of going forward. The state at the start had the burden to establish beyond a reasonable doubt every essential allegation of the information, and that burden, without shifting, remained with the state throughout the entire case. So, when there is no shifting of burden of proof or duty of going forward, we see no good purpose, in the submission of a case, to inform the jury what constitutes a prima facie case."

Of course, in a criminal case the burden of proof never shifts to the defendant. It throughout the whole case on every proposition is with the State. But here, by the very language of the statute, there is a clear shifting of burden of proof. The statute expressly provides that in an action against a noncomplying employer, when the relation of employer and of employee is shown, noncompliance with the Workmen's Compensation Act by the employer and an injury to an employee arising out of or in the course of employment constitute prima facie evidence of negligence against the employer and cast the burden upon the employer to show his freedom from negligence. There thus is as much difference between the instant case and the Barretta Case as between night and day. In the one, there is no shifting of burden of proof; in the other, there is a clear shifting of burden of proof, rendering the case wholly different from ordinary or general tort action.

But aside from this, the court in other portions of the charge defined the term "negligence," the term "ordinary care," and "proximate cause," and as such terms usually are defined and of which no complaint is made; charged with respect to the duty of the defendant to furnish plaintiff a reasonably safe place to work, and that if such duty was not discharged resulting in injury to plaintiff, he was entitled to recover; and further charged that if the defendant failed to guard and protect the open shaft in which the elevator was operated and such failure proximately caused or contributed to the accident and injury, plaintiff was entitled

to recover. The court also charged that if the jury found from the evidence that the alleged injuries of plaintiff were occasioned by his own negligence, and *not contributed thereto by any negligence on the part of the defendant,* his officers, agents, or employees other than the plaintiff, then "you must find" for defendant and against plaintiff, no cause of action.

Thus in view of the statute declaring what shall constitute prima facie evidence of negligence of defendant and of the meaning and legal effect of the term or phrase "prima facie evidence," as shown by the authorities, that the defendant had the burden of proof to show his freedom from negligence, and in view of the whole charge, I am of the opinion that defendant was not prejudiced in any substantial right by instruction No. 5 of which complaint is made, hence the judgment of the court below should be affirmed. Because this is the first case presented to this court brought under and involving a consideration and application of the statute in question, and because what we now determine and decide with respect thereto will establish a precedent in other cases brought under the statute, I feel justified in stating my views as I have at rather unusual length.

WOLFE, J., being disqualified, did not participate herein.